PATRICK M. HANNIGAN et al., Appellants, *v.* JAMES C. ALLEN et al., Respondents.

Where an order of General Term reversing a judgment entered upon the report of a referee, does not state that it was made upon a question of fact, it must be assumed here that it was made upon questions of law. (Code Civ. Pro. § 1338.)

*It seems,* however, that where there is no evidence to sustain a finding material to the judgment, the ruling is upon a question of law (§ 993), and, so it is for this court to determine as to whether there is any such evidence.

Where, upon the formation of a partnership, each of the copartners contributed to the capital a stock of goods he had on hand, portions of the purchase-price of which were unpaid, and the firm assumed and agreed to pay the balance, *held,* that the agreement of the firm would be deemed to have been made for the benefit of the creditors holding the claims for unpaid purchase-money ; and that an action was maintainable by such a creditor against the firm upon the agreement.

*Wheat* v. *Rice* (97 N. Y. 296) ; *Serviss* v. *McDonnell* (107 id. 260), distinguished.

(Submitted April 6, 1891; decided April 21, 1891.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made May 7, 1888, which reversed a judgment in favor of plaintiffs entered upon the report of a referee and granted a new trial.

The following is the opinion in full :

" This action was brought to recover pay for goods sold and delivered. A portion of the claim is admitted.

" The controversy is over an item of $1,394.72 for goods sold to the defendant James C. Allen before he had entered into copartnership with the defendant Morrissey.

"It appears that the defendant Allen and Morrissey were each engaged in the drygoods business; one having a small store upon Third avenue in the city of New York, and the other at Greenpoint. Desiring to unite their business they entered into a copartnership, taking a store on Third avenue. The articles of copartnership provide that the parties are to contribute in goods and money to the partnership business as the books of the firm will show.

"The referee has found that it was mutually understood and agreed that the firm should assume and pay the debts and liabilities of each of the parties then owing by them respectively for the goods so contributed to the firm, and ordered judgment for the plaintiffs.

"The General Term reversed the judgment and ordered a new trial. TRUAX, J., in delivering the opinion of the court, says that there is no evidence to sustain this finding.

"The order reversing the judgment and granting a new trial does not state that it was made upon a question of fact. We must, therefore, assume that it was made upon questions of law. (Code, § 1338.)

"If, however, there is no evidence to sustain the finding it would be a ruling upon a question of law. (Code, § 993.)

"The question we are, therefore, called upon to review is whether there is any evidence to sustain the finding of the referee. It is true, as stated by the General Term, there is no direct testimony from either party of any such express agreement, but that there was such an agreement is not dependent upon the testimony of either of the partners. It may be established the same as any other agreement, from such facts and circumstances as will raise an implication that such an agreement was made, and as bearing upon such implication the contemporaneous acts and subsequent conduct of the parties become material.

"There is nothing in the articles of copartnership or the books kept by the firm that bears upon the question. The husband of the defendant Morrissey was her authorized agent, and, as such, conducted the business on her part and took charge of the financial affairs of the firm. It does appear that the understanding was that each of the partners should take

an account of his stock in his old store, ascertain the value thereof, and deduct from such value the amount that he owed upon it for its purchase, and that the surplus should be regarded as his capital in the firm. Neither of the parties appear to have had any other capital than that represented by their stock of goods. Neither partner, by the articles of copartnership, was permitted to draw more than twenty dollars per week. This sum was doubtless intended for the personal expenses of themselves and their families. It would not go far in the extinguishment of the debts owing by them respectively upon their stock of goods.

"It further appears that they opened an account at a bank in the name of the copartnership, in which the moneys derived from the sale of goods was deposited; that from time to time Morrissey drew checks in the name of the firm upon this account in payment upon the old indebtedness of the defendant upon the stock of goods contributed by her. And again it appears that in May or June Morrissey received from the plaintiffs a bill containing the items of goods purchased from them by the defendants, including the old account against Allen for the goods sold him, and there is evidence that he subsequently agreed to pay the same; that difficulties arose between the partners, and about the first of July the defendant Morrissey purchased out the interest of the defendant Allen, paying him therefor $125, the defendant Morrissey agreeing to take all the stock of goods, accounts and property of the firm and assume all its liabilities; that the stock of goods contributed by the defendant Allen inventoried at $1,603.45, and that substantially that amount was owing thereon.

"The difficulty between the copartners arose over the claim of Morrissey that Allen had contributed no capital. It is not claimed that the firm had suffered any losses, and the result is that under the claim as now made by the defendant Morrissey she gets the entire stock of goods contributed by the defendant Allen for the $125 paid him to retire from the firm. The firm only continued to do business about sixty days, and in the absence of any losses it would hardly be supposed that the defendant Allen would contribute goods of the inventoried value of $1,600 and then retire from the firm upon receiving

$125, unless he had understood that the goods contributed by him were to be paid for by the defendant Morrissey.

"We agree with the General Term that the bare promise of the defendant Morrissey, or of her agent on her behalf, to pay Allen's indebtedness to the plaintiffs, not being in writing, would not be binding upon her. But the fact that such promise was made in connection with the other facts appearing in the case, becomes quite significant as bearing upon the question as to whether or not there was an agreement that the firm should assume the individual liabilities of each member upon the goods contributed by each. So also is the subsequent conduct of Morrissey in the payment of her individual indebtedness out of the money of the firm. Taking all of these facts together they produce a chain of circumstances from which we think the inference drawn by the referee is permissible, and that it cannot be properly said that there was no evidence to support his finding.

"As we have seen, each partner contributed to the capital of the firm the stock of goods he had on hand, on which there were amounts owing for purchase-money. The goods having been transferred to the firm and the firm having assumed and agreed to pay the balance of the purchase-price unpaid, the agreement of the firm will be deemed to have been made for the benefit of the creditors holding such claims, and an action may be maintained by such a creditor against the firm upon such agreement. (*Arnold* v. *Nichols*, 64 N. Y. 117.)

"The case is, therefore, distinguishable from that of *Wheat* v. *Rice* (97 N. Y. 296), and *Serviss* v. *McDonnell* (107 id. 260), and kindred cases.

"The order of the General Term should be reversed and the judgment entered upon the report of the referee affirmed, with costs."

*John W. Boothby* for appellants.

*M. A. Kellogg* for respondents.

HAIGHT, J., reads for reversal.
All concur.
Order reversed and judgment affirmed.