(19 Misc. Rep. 159.)

### KING et al. v. ISREAL et al.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

1. PARTNERSHIP—ASSUMPTION OF DEBTS BY NEW FIRM.
   The question whether defendant agreed to assume the debts of a firm which his partnership bought out should be submitted to the jury, where he denies having done so, and has refused to execute a partnership agreement which stated that the assets were transferred "subject" to the debts of the old firm, and the bill of sale transferring the assets to his partners sets forth their assumption of the outstanding debts, and one of them testifies that defendant instructed him to act in defendant's interest in the transfer, and agreed with him that their firm should assume the debts of the old firm.

2. SAME—ACTION BY CREDITORS OF ASSIGNOR.
   Creditors of a firm may sue on a promise to assume the debts of such firm, where such promise forms part of the transaction by which all the assets of the firm are transferred to the promisor.

Apppeal from Tenth district court.

Action by Alexander King and George W. King against Joseph Isreal, impleaded with Walter F. Smith and Thomas Dennison, for goods sold and delivered. From a judgment dismissing the complaint, plaintiffs appeal. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. Baldwin Hands, for appellants.

George Edwin Joseph, for respondent.

BISCHOFF, J. The claim in this action arose out of the sale and delivery of goods by the plaintiffs to the firm of Irwin & Dennison, and the debt of that firm was sought to be enforced against the respondent and his co-defendants, through their alleged assumption of the liabilities of such firm, which had been dissolved, and the assets of which had been transferred and assigned to the de-

fendants. There was no dispute as to the demand against Irwin & Dennison, but the respondent resisted the liability as based upon the assumption of the debt by him and his associates, claiming that no such agreement had been made; and this view was taken by the justice below, who accordingly withheld the case from the jury, and dismissed the complaint. We think that there was some evidence sufficient to charge the respondent, together with his co-defendants, with a promise to assume the payment of the debts of the firm of Irwin & Dennison; and, since the plaintiffs had demanded a jury trial, they were entitled to have the issues determined by the jury, rather than by the justice. Whatever evidence there was, sufficient to bind the respondent, is found in the testimony of the plaintiff's witness Smith; and while his story is claimed for the appellant to have been improbable, and the witness' credibility to have been open to attack, this matter was also for the jury. Isreal admitted the fact of his partnership with Smith and Dennison, and the transfer of the assets of Irwin & Dennison to the firm thus formed. He denied that he had ever agreed to assume the indebtedness, and it is a fact that he refused to execute a form of partnership agreement in which the assets were stated to have been transferred "subject" to the debts of the firm. It may be noted, however, that the phrase "subject to the debts" did not necessarily import an agreement to assume them. Smith testified that Isreal, intending to leave the city at about the time of the proposed transfer of these assets, instructed him to act in his (Isreal's) interests in the matter, and that, before Isreal's departure, the latter, in the course of a conversation with Irwin, agreed that the new firm should assume payment of all the debts of the old. After Isreal had left the city, Irwin executed a bill of sale to Smith and Dennison of all his interest in and title to the assets in question, the instrument setting forth the assumption by the last-named parties of the debts outstanding. If Smith's testimony were credited by the jury, they might well have found that Isreal's agreement with Irwin, that the debts should be assumed by the new firm, was a part of the actual consideration for the transfer of the assets to Smith and Dennison, they being Isreal's expected or actual partners, and Smith being Isreal's authorized agent to accept the transfer for him. Evidence, therefore, sufficient to require a submission of the case to the jury, was apparent; and the fact that Isreal's contract to assume the debt was not in writing does not affect the question.

Waiving the failure of the respondent to allude to the statute of frauds upon the trial, an objection based upon the statute would have been untenable, since the guaranty was an original promise between the parties to the agreement, based upon the transfer of the assets applicable to the satisfaction of the debt, and so was not within the statute. Schindler v. Euell, 45 How. Prac. 33; Steinhart v. Doellner, 34 Super. Ct. 218; White v. Rintoul, 108 N. Y. 222, 227, 15 N. E. 318; Fullam v. Adams, 37 Vt. 391; Browne, St. Frauds, § 214e.

The respondent seeks to support the judgment upon the theory that Isreal was merely an incoming partner, and that his agree-

ment to assume the debts of the old firm was enforceable only by such firm, and not by its creditors,—citing Serviss v. McDonnell, 107 N. Y. 260, 14 N. E. 314; but the agreement in that case, as construed by the court, was to pay a fractional part of the indebtedness of the old firm, and the decision went upon that fact. Such was not this case, where the agreement to assume the debts formed a part of the transfer of all the assets to which the creditors of the old firm might look for the satisfaction of their claims; and, the contract of assumption having been sufficiently comprehensive to cover the plaintiffs' claim, they were entitled to adopt it, as made for their benefit, and maintain an action upon the promise. Spingarn v. Rosenfeld, 4 Misc. Rep. 522, 24 N. Y. Supp. 733; Hannigan v. Allen, 127 N. Y. 639, 27 N. E. 402, distinguishing Serviss v. McDonnell, supra; Barlow v. Myers, 64 N. Y. 41.

Judgment reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.