(22 Misc. Rep. 505.)
## LENNON v. LYON.

### (Greene County Court. January, 1898.)

RIGHT OF ACTION.

    One member of a firm agreed with a committee of his partner's estate to pay all partnership debts, and indemnify the committee against loss from claims of firm creditors. *Held* that, in the absence of proof that the contract was made for the benefit of a firm creditor, he could not maintain an action upon the agreement, to recover the amount of a firm debt.

    Appeal from justice court.

    Action by William J. Lennon against Howard K. Lyon. Judgment for plaintiff, and defendant appeals. Reversed.

    James B. Olney, for appellant.

    J. A. Griswold, for respondent.

    SANDERSON, J. It is claimed on the part of the plaintiff that this case comes within the principle of Lawrence v. Fox, 20 N. Y. 268. I think it does not. In the case relied on, one Holly owed the plaintiff $300. At the request of the defendant, Holly loaned him $300; at the same time telling him that he was indebted to the plaintiff for the same amount, and had agreed to pay it to him the next day. In consideration of this loan the defendant agreed to pay to the plaintiff the said sum of $300. The court held that an action would lie on the part of the plaintiff against the defendant to recover the amount due the former from Holly. Here we have a consideration moving from the promisee to the promisor; second, the fund which would have satisfied Holly's creditor had been transferred to the defendant on his promise to pay it to the plaintiff. To a certain extent, the plaintiff was interested in this fund, of which his debtor deprived himself. In the case in hand both of these points are missing. All the evidence we have of a consideration for the promise of the defendant to pay the indebtedness of the late firm of Lyon & Lennon is contained in the written agreement known as "Exhibit A," and which reads as follows:

    "For a good and valuable consideration received of Charles N. Lennon, committee of the person and estate of Walker Lennon, I do hereby covenant and agree with said Charles and Adelbert, as such committee, and with said Walker, and each of them, to pay and procure to be discharged all claims and demands of every and all person and persons against the late firm of Lyon & Lennon, or against said Walker and said Lyon jointly, and to indemnify and to save said Walker and said Charles and Adelbert harmless from the payment of all such claims, except any claims of Julia A. Lennon and Mattie Lennon or either of them.                                                           Howard K. Lyon.

    "Dated October 17, 1895."

    A consideration, in law, consists of either a benefit to the promisor, or of injury to the promisee. Under which head the consideration mentioned in this agreement comes is not revealed by anything contained in the return. The promise to pay the indebtedness of the firm of Lyon & Lennon, for "a good and valuable consideration," is valid and binding as between the parties to the agreement, but can the plaintiff enforce it? The latter would be benefited

by the performance of this agreement, but is not a party to it. Without knowing what the actual consideration is, we cannot make out, as we can in Lawrence v. Fox, supra, that it was intended by the agreement to benefit the plaintiff, or any of the creditors of Lyon & Lennon. The incidental benefit which would accrue to the creditors from the performance of the agreement is not sufficient to uphold an action by any one of them against the defendant. It must be the intention of the agreement to benefit the creditor of the promisee, in order to support an action by the creditor against the promisor. In Berry v. Brown, 107 N. Y. 659, 14 N. E. 289, it was held that:

"An agreement by a third person with an outgoing member of a firm, to relieve him from and indemnify him against the firm debts, where no consideration passed to the promisor, cannot be enforced against him by a creditor of the firm."

The consideration in this case was one of harm to the promisee. He had transferred his interest in the assets of a firm to the wife of the defendant, and the promise of the defendant was based upon this transfer. The court says:

"As the sale was not made to the defendant and no consideration whatever passed to him, these plaintiffs, strangers to the agreement, cannot enforce it against him."

As between the parties, the consideration was sufficient. In cases of this class the consideration plays an important part. I have found no case in the books, where an action was brought by a stranger to the contract for the enforcement of it, but what the consideration was proved on the trial. The case in hand is unique in this respect. It would be an unwarranted extension of the principle decided in Lawrence v. Fox to say that every promise to pay the debt of another to a third person, not a party to the contract, when founded upon a consideration sufficient to bind the parties to it, will support an action of such third person against the promisor to recover the indebtedness of the promisee to the plaintiff. Garnsey v. Rogers, 47 N. Y. 233. In this case it was stipulated in a mortgage that the mortgagee should pay certain prior mortgages on the premises covered by this junior mortgage. The prior mortgagees sought to recover of the defendant on the promise contained in the mortgage. The court held that they could not do so. The consideration contained in the mortgage was sufficient to uphold the promise, as between the parties to the instrument, but the mortgagor alone could enforce it. The principle upon which this case was decided is that the promise contained in the mortgage was made for the benefit of the mortgagor, and not for the benefit of the prior mortgagees. The court says (page 241):

"If such a contract could be enforced by the creditor, who would be incidentally benefited by its performance, every agreement by which one party should agree with another, for a consideration moving from him, to become security for him to his creditors, or to advance money to pay his debts, could be enforced by the parties whose claims were thus to be secured or paid. I do not understand any case to have gone this length."

In remarking upon the case of Lawrence v. Fox, the court says (page 240):

"I do not understand that the case of Lawrence v. Fox has gone so far as to hold that every promise made by one person to another, from the performance of which a third person would derive a benefit, gives a right of action to such third party; he being privy neither to the contract nor to the consideration. To entitle him to an action, the contract must have been made for his benefit. He must be the party intended to be benefited. And all that the case of Lawrence v. Fox decides is that where one person loans money to another, upon his promise to pay it to a third party, to whom the party so lending the money is indebted, the contract thus made by the lender is made for the benefit of his creditor, and the latter can maintain an action upon it without proving an express promise to himself from the party receiving the money."

But while a stipulation, contained in a mortgage, to pay prior mortgages on the same property covered by said subsequent mortgage, cannot be enforced by the prior mortgagees, yet a provision, contained in a deed of conveyance, for the grantee to pay mortgages covering property so conveyed, can be enforced by the mortgagees. Halsey v. Reed, 9 Paige, 446; Burr v. Beers, 24 N. Y. 178. The consideration upon which the promise rests in this class of cases is the conveyance of the premises which the mortgagees hold as security for the payment of their claims. There is a privity in the consideration between the grantee and the mortgagees. The same principle holds true in that large class of cases where a retiring partner transfers the assets of the firm to the continuing partners, who agree to pay the debts of the old firm. Here the consideration for the promise is the transfer of the property on which the creditors of the old firm had a right to rely for the payment of their claims against such firm. Such an agreement would be assumed to have been made for the benefit of the creditors of the old firm. A right of action would thereafter exist in each creditor to enforce the contract. In King v. Israel, 19 Misc. Rep. 159, 161, 43 N. Y. Supp. 306, the court says:

"Where the agreement to assume the debts formed a part of the transfer of all the assets to which the creditors of the old firm might look for the satisfaction of their claims, and the contract of assumption having been sufficiently comprehensive to cover the plaintiff's claim, they were entitled to adopt it, as made for their benefit, and maintain an action upon the promise."

So, in Griffin v. Hungerford, 19 Misc. Rep. 684, 685, 44 N. Y. Supp. 1054, it was held that where the continuing partner upon a dissolution assumes the debts of the firm, and receives its assets, the creditors of the firm have a right of action against the continuing partner. Assuming the debts and receiving the assets are closely connected, where a right of action exists in behalf of a third party who is not a party to the agreement. The reason is that in such cases an inference of fact arises that the agreement to pay the debts of the old firm was intended to benefit such third persons. In Wainwright v. Water Co., 78 Hun, 146, 28 N. Y. Supp. 937, at pages 149 and 150, 78 Hun, and page 989, 28 N. Y. Supp., the court says:

"But it is now settled that, to bring a case within the rule, the contract must not only be beneficial to the third party, but it must have been intended for his benefit by the contracting parties."

For additional proof that the views above expressed are correct, I cite Arnold v. Nichols, 64 N. Y. 117. At page 119 the court says:

"Bowen transferred to the firm the assets to which his creditors had the right to look for the payment of their claims, and hence the promise of the firm to pay such claims must be deemed to have been made for their benefit. It was not made to exonerate Bowen from the payment of his debts, and not primarily nor directly for his benefit, as his property was to be taken to pay the debts, and he was still to remain liable, as one of the principals, to pay them."

So, also, in Hannigan v. Allen, 127 N. Y. 639, 27 N. E. 402, the court says at page 642, 127 N. Y., and page 403, 27 N. E.:

"As we have seen, each partner contributed to the capital of the firm the stock of goods he had on hand, on which there were amounts owing for purchase money. The goods having been transferred to the firm, and the firm having assumed and agreed to pay the balance of the purchase price unpaid, the agreement of the firm will be deemed to have been made for the benefit of the creditors holding such claims, and an action may be maintained by such a creditor against the firm upon such agreement."

I have found no case where one of the partners has agreed to pay the partnership debts, and an action allowed to be maintained upon the agreement by one of the creditors who was not a party to it, where it was not shown that a transfer of the assets of the firm had not been made to the promisor. The language of the courts is not always harmonious upon this subject, but, when what is said in the opinions is construed in connection with the facts of each case, it will be found that not much discordant action exists. In the case in hand the consideration for the promise to pay the debts of the firm, while it is good and valuable as between the parties to the agreement, throws no light upon the question whether it was intended thereby to benefit the creditors of the firm. On the contrary, the agreement says that the defendant, Lyon, shall indemnify and save said Walker and said Charles and Adelbert Lennon harmless from the payment of all claims against the late firm of Lyon & Lennon. The inference from this clause would be that the sole intent of the agreement was to indemnify the committee against loss from the claims of creditors, and not to benefit the firm creditors. It was the duty of the plaintiff to show by reasonable proof—either by direct evidence, or by circumstantial proof—that it was the intention of the parties to benefit the firm creditors. The burden was on the plaintiff to make out a case. This he has failed to do. The judgment of the justice is reversed, with costs.

Judgment reversed, with costs.