# COX v. BUTTS.

No. 4737.    Opinion Filed June 8, 1915.

(149 Pac. 1090.)

1. **APPEAL AND ERROR—Time for Appeal—Judgment on Demurrer—Separate Counts.** The petition contained four counts or causes of action. Each cause of action grew out of the same transaction, but the pleading in each count is complete within itself. The trial court sustained a demurrer to two counts. The plaintiff elected to stand on these two counts, and the court entered an order dismissing the two counts, and the trial proceeded upon the two counts to which the demurrer was overruled. **Held,** that an appeal lies from the order of the court sustaining the demurrer to the two counts, and is not premature if brought before the final action upon the other two counts.

2. **MINES AND MINERALS—Oil Lease—Assignment—Construction—"Subject to."** "Subject to," as used in an assignment of a lease subject to the terms and conditions of a former lease, are words of qualification, and not of contract.

3. **MINES AND MINERALS—Oil Lease—Assignment—Construction.** A., owning an oil lease, assigns one-half thereof to B. upon the consideration that B. will bear all the expense of drilling, equipping, and operating the oil wells to be drilled thereon. B. assigns to C. three-fourths of his interest in the oil lease upon the consideration that C. will bear the entire expense of development of the oil lease, obligating himself to carry out the contract of B. to A. Then C. assigns a one-eighth interest in the lease to D., and in the assignment it is stated: "This assignment is and shall be binding upon the parties hereto and is made subject to the terms and conditions of said lease from A. to B." **Held,** that D. under the terms of the contract became liable to pay only one-eighth of the expense of drilling, equipping, and operating the oil wells.

4. **APPEAL AND ERROR—Briefs—Citation of Authorities.** In briefing cases for the consideration of this court, counsel should cite authorities to support their contention, and a brief that does not cite authorities that sustain the argument set out therein is generally of little or no value or assistance to the court.

(Syllabus by Mathews, C.)

*Error from District Court, Tulsa County;*

*L. M. Poe, Judge.*

Action by Theodore Cox against M. H. Butts. From a judgment for defendant on two of the four counts of plaintiff's petition, plaintiff brings error. Affirmed.

*H. B. Martin, Charles E. Bush,* and *Jno. Y. Murry, Jr.,* for plaintiff in error.

*Davidson & Williams,* for defendant in error.

Opinion by MATHEWS, C. The parties hereto will be designated as in the lower court.

Plaintiff's petition in the lower court contained four counts, each complete within itself, all of them growing out of and connected with the same subject-matter. The trial court sustained a demurrer to the second and third counts; the plaintiff refused to amend, and announced that he would stand upon these two counts. Thereupon the court entered an order dismissing the two counts, or, more properly, the two causes of action. Plaintiff reserved exceptions and has brought the matter here upon appeal. The demurrer to the first and fourth counts was overruled; and, while the record does not show, it is presumed that the cause went to trial on these two counts.

Defendant contends that this appeal is premature and should be dismissed, insisting that plaintiff should have awaited the final action of the court upon the other two causes of action. Even though, as in this case, all the causes of action are interwoven and grew out of the same transaction, we are of the opinion that, when each count or cause of action declares upon a different cause of action, and the pleading in each is complete within itself, as in the case at bar, an appeal will lie upon the sustaining of a demurrer to any one of the causes of action, and trial may be proceeded with upon the other counts or causes of action.

The pleadings in this case show that on the 24th of February, 1911, W. H. Ladnier owned an oil lease on 40 acres of land in Creek county, and on that date assigned to W. E. Broach an undivided one-half interest in said lease. The terms of the assignment and the consideration therefor were that he should drill a well thereon as soon as practicable. It was further provided in this assignment that if the first well should produce as much as 150 barrels of oil per day, Broach should proceed within 10 days thereafter to drill a second well. All the expenses of drilling, equipping, and operating the two wells were to be borne by Broach under the contract. On this same day, February 24, 1911, Broach assigned to plaintiff, Cox, the undivided one-half interest which he had obtained from Ladnier, the consideration for this assignment being that Broach was to have an undivided one-eighth interest in the whole lease, and that he was to be carried for that one-eighth interest by Cox, and he was to be at no expense whatever in the drilling of the wells, etc. Cox assumed all the burdens and obligations of the assignment from Ladnier to Broach, which were that Cox, owning three-eighths interest in the lease, was to bear the entire expense of drilling, equipping, and operating the two oil wells. On March 21, 1911, Cox sold and assigned to defendant, Butts, an undivided one-eighth interest in said lease, and now Ladnier owned a one-half interest, Broach a one-eighth, Cox one-fourth, and Butts one-eighth. At the time of the assignment of Cox to Butts of the one-eighth interest, two instruments were executed, one being an assignment by Cox to Butts of the one-eighth interest and the other being a memorandum of a contract and agreement between Cox and Butts.

The controversy between plaintiff, Cox, and defendant, Butts, from whence this action arose, was this: Plaintiff contends that Butts took the assignment of the one-eighth interest in the lease burdened with one-fourth of the cost of drilling, equipping, and operating the two oil wells, while Butts contends that he was obligated to pay only one-eighth of the expense, as he owned only the one-eighth interest in the lease. In order to arrive at a decision on this point it will be necessary to examine certain clauses in the contracts attached to plaintiff's petition. The assignment from Cox to Butts contains the following clause:

"This assignment is intended to convey and does convey unto the said M. H. Butts, his heirs and assigns, an undivided one-eighth (⅛) interest in the working interest of said lease, without any obligations on the part of the said M. H. Butts, to the said W. E. Broach, by virtue of said contract and assignment dated the 24th day of February, 1911."

"This assignment is and shall be binding upon the parties hereto, their heirs, executors, administrators and assigns, and is made subject to the terms and conditions of said lease."

In the contract between Cox and Butts, the consideration for the assignment for the one-eighth interest is stated to be $1,500 in cash and the further sum of $1000 upon a certain contingency, which is not necessary to set out here.

It is also not necessary to set out the allegations in the two counts of the petition to which the demurrer was sustained, as the legal proposition is the same in each. Plaintiff bases his contention that Butts was obligated to

pay one-fourth of the expense in the enterprise upon the clause in the assignment of Cox to Butts, which is as follows:

."This assignment is and shall be binding upon the parties hereto * * * and is made subject to the terms and conditions of said lease."

From the previous wording of this assignment it will be conceded that by the "lease" here referred to is meant the lease from Ladnier to Broach. And so the question squarely arises, Did Butts, in accepting an assignment of an eighth interest in this lease, subject to the terms and conditions of the lease from Ladnier to Broach, thereby become obligated to bear the burden of developing the lease for oil in double proportion to the interest conveyed to him? In other words, the interest in the lease assigned by Ladnier to Broach carried a double burden; for a one-half interest he assumed the whole burden of development. So if Butts, in taking the assignment from Cox, placed himself in Cox's shoes, he became obligated to pay one-fourth of the development expenses. The answer turns upon the construction to be given to the words "subject to," as used by the parties hereto in the assignment from Cox to Butts. We find an almost analogous case in *Consolidated Coal Co. v. Peers*, 166 Ill. 361, 46 N. E. 1105, 38 L. R. A. 624, the facts being similar to those in the instant case, and the court there says:

" 'Subject to,' as used in an assignment of a lease subject to the agreements therein mentioned to be performed by the said lessee, are words of qualification, and not of contract, and hence the assignee does not, by such agreement, become liable on the covenant to pay rent accruing after he has assigned over."

*Bredell v. Fair Grounds Real Estate Co.*, 95 Mo. App. 676, 69 S. W. 635, is a case where an assignment of rents was made to a creditor "subject to" a prior deed of trust, and it was there held that the words "subject to" meant charged with. We find these words "subject to" used very often in the conveyance of property subject to an existing mortgage against the property, and it has been almost invariably held that a person taking such property subject to a mortgage thereon does not personally obligate himself to pay the mortgage debt. The acceptance of a deed subject to a specified mortgage does not imply a promise on the part of the grantee to pay the mortgage. *Patton v. Adkins,* 42 Ark. 197. Where a deed declares that the grantee takes the land "subject to the mortgage," such phrase does not carry with it an assumption of the debt. *Commercial Bank v. Redfield,* 122 Cal. 405, 55 Pac. 160, 772. In *Way v. Roth,* 58 Ill. App. 198, it is held that a conveyance of land by A. to B., on which C. holds a mortgage, the conveyance stating therein that the deed was subject to C.'s mortgage, does not render B. personally liable to C. for the mortgage debt. A transfer of property of a firm subject to its debts does not necessarily import an agreement to assume and pay the debts. *King v. Isreal,* 19 Misc. Rep. 159, 43 N. Y. Supp. 306.

From a consideration of these cases as applied to the proposition at hand, it is plain that when Butts accepted an assignment of the one-eighth interest in the lease subject to the terms and conditions of the lease from Ladnier to Broach, he did not enter into a personal obligation to fulfill any of the terms of the Ladnier-Broach lease. Ladnier could not legally hold him personally liable to carry out the terms of the contract. In other words, there was

no personal contractual relation or obligation existing between Ladnier and Butts. He simply took a one-eighth interest assigned to him by Cox, charged with the burden placed upon it by the terms of the Ladnier-Broach lease, and in a proper legal proceeding Ladnier could have had this interest applied to the carrying out of the lease contract with Broach, but he could not hold Butts personally therefor, and that is the test in this case as we see it. If Butts is personally obligated, then he stands charged with the payment of one-fourth of the expenses of drilling, equipping, and operating the wells as plaintiff contends, but if he is not personally obligated to Ladnier, then he can be held for the payment of only one-eighth of such expenses, as he only owned that interest in the lease.

It will have some bearing on the subject under discussion to compare the language used in the assignment of the lease from Broach to Cox with that used in the assignment of Cox to Butts. In the assignment of Broach to Cox the following language is used:

"And the said Theodore Cox hereby assumes the contract agreed upon by W. E. Broach and the owners of said lease and agrees and obligates himself to carry the same out according to the true intent and meaning thereof, and to pay all expenses in reference thereto."

Note the certain, definite, and explicit language there used, and compare that used in the Cox-Butts assignment, wherein appears the following:

"This assignment * * * is made subject to the terms and conditions of said lease."

In the purchase of property incumbered by mortgage, where the purchaser assumes the payment of the mortgage, the instrument of transfer generally notes that the

purchaser assumes the payment of the mortgage. In cases where the purchaser assumes to do something which the seller has obligated himself to another to do, the instrument of transfer generally contains the clause that the purchaser "hereby obligates himself and promises," etc.

It is also significant that the consideration stated in the assignment of Broach to Cox is $1, while the consideration stated in the assignment of Cox to Butts is a cash consideration of $1,500 and $1,000 to be paid upon a contingency. While it is not controlling, yet some weight should be given to the inference that a consideration of $1 imports some further consideration, while a consideration of $1,500 does not.

For the foregoing reasons we hold that there was no personal obligation placed upon Butts in the assignment to him, or in the contract agreement between him and Cox, whereby he became liable personally for any more than one-eighth of the expense incurred in development of the oil lease. The actual intent between Cox and Butts might, in fact, have been as plaintiff contends, but we can not look further than the wording of the contract itself. It is the duty of one party who intends to bind another to do a certain thing by covenant in any written instrument to word the contract by the use of distinct and intelligible terms, so that there can be no misunderstanding, and not call upon the courts to infer that the contract was intended to be a certain way, which was probably understood by one party in a sense different from that sought to be ascribed by the other.

The attorneys in this case, both for the plaintiff and defendant, have filed briefs herein, but neither of these briefs contains the citation of a single authority, but both

sides have rested their case by a statement of what the law is. If this is as far as they intend to go in their briefs, then it is unnecessary to file briefs at all, because this court will always know, just as soon as we learn which side of the legal question they are on, what, at least, they think the law is, and it is unnecessary to file briefs to apprise the court of that fact. In order for a brief to be of aid to the court there should be contained therein a citation of authorities relied upon to sustain their contention.

The judgment is affirmed with costs.

By the Court: It is so ordered.