JAMESTOWN LOUNGE COMPANY, INC., Appellant, v. CHARLES H. KAY and Others, Doing Business under the Assumed Firm Name and Style of YOUNGSVILLE MANUFACTURING COMPANY, Respondents.

Fourth Department, November 19, 1930.

*Clive L. Wright* [*Benjamin S. Dean* of counsel], for the appellant.

*Jackson, Herrick, Durkin & Leet* [*Earle V. MacDonald* and *Robert H. Jackson* of counsel], for the respondents.

THOMPSON, J. Plaintiff sues defendants as copartners doing business under the assumed firm name and style of Youngsville Manufacturing Company with their principal place of business in the borough of Youngsville, Warren county, Penn. At the trial it produced in evidence a certificate to this effect, duly made and executed by each of said defendants on March 3, 1928; filed in the office of the Secretary of the Commonwealth of Pennsylvania on March 13, 1928, and a like certificate duly executed by all of the defendants who have appeared in the action, except the defend-

ant Gustavus Adolphus Children's Home, dated November 6, 1920, and filed November 8, 1920. Plaintiff claims defendants owe it for commissions due for sales made by its agents for defendants under contract, that the account of such sales and commissions should be kept by defendants, that reports and payments thereon and therefor were to be made by defendants to plaintiff at stated intervals, and it alleges that defendants have failed to render such accounts or pay the amounts due plaintiff for commissions upon sales for the last six years; that they have canceled and abrogated the contract, and it asks for an accounting and for payment by defendants of the amount found to be due it on such account when rendered. The defendants, each of whom appeared by the same firm of attorneys, made answer to the complaint and after various denials allege a full settlement and compromise of all differences existing between plaintiff and the partnership up to January 1, 1928, and payment of all commissions earned since then. The testimony shows that these two concerns maintained a continuous course of business with each other for nearly twenty years; that defendants' firm had no sales department; that their entire output was sold by plaintiff's salesmen; that the account of the business was kept by defendants' firm; that it rendered reports regularly showing amounts due in total and to the various salesmen and made payments thereof directly to plaintiff and that plaintiff distributed the commissions between and to the salesmen and itself in accordance therewith. This continuous course of business spoken of is shown by the proofs to have continued until on or about July 15, 1928, at which time the aforesaid firm through defendant Howard Kay orally notified plaintiff's president, Charles F. Riley, that its sales agreement with it was canceled and abrogated.

The case is void of evidence showing a cessation, interruption or change in the contractual relations or the nature, method or extent of " the doing of business " between the parties at any time from the beginning of their dealings together. Nor is there mention or proof of a reorganization or a taking over of the old firm by or into the new. The partnership and its dealings with plaintiff continued and carried on in the same form and order after the filing of the new certificate as before. At the time of the reorganization, if such there was, whether or not the new firm, if there was such, expressly or by its conduct, took over the accounts and business of the old and assumed its obligations, are all questions of fact. (*Hannigan* v. *Allen*, 127 N. Y. 639.)

At the close of the trial on motion of defendants' counsel the referee dismissed the complaint on the ground that there was no proof to the effect that the " new firm " assumed the liabilities of

the " former " firm. This, for reasons suggested above, we think was error, for which the judgment must be reversed and a new trial had. If upon a new trial it develops that there is a defect in parties, other necessary defendants can be brought in and judgment denied as to any who have been improperly joined.

The judgment should be reversed, with costs to appellant, and a new trial ordered.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.