James Nelson **FREEMAN** et al., Appellants,

v.

**SOUTHLAND PAPER MILLS, INC.**, Appellee.

No. 8079.

Court of Civil Appeals of Texas, Beaumont.

April 13, 1978.

Rehearing Denied April 27, 1978.

Arthur Moore, Livingston, for appellants.

James R. Cornelius, Jr., Lufkin, for appellee.

CLAYTON, Justice.

Plaintiff, Southland Paper Mills, Inc., filed suit in trespass to try title against James Nelson Freeman, et al., for title to certain real property situated in Polk County, Texas. Defendants answered with a plea of "not guilty" and a plea of ten years adverse possession. Trial was to a jury, and, after all parties had rested, plaintiff and defendants each filed motions for instructed verdicts. The trial court granted plaintiff's motion and refused defendants' motion and entered judgment awarding plaintiff title in and to the subject real property. Defendants have perfected this appeal from such judgment.

In this appeal, defendants have brought forward two points of error. In their first point, defendants contend the trial court erred in granting plaintiff's motion for instructed verdict because plaintiff, as a matter of law, "failed to prove title to the land in question for the reason that certain deeds upon which plaintiff relied were, by their express terms, subject to instruments and/or conveyances previously executed, and no evidence was introduced or admitted to describe the lands affected by all previous instruments and/or conveyances referred to in said deeds." The second point contends the trial court erred in failing to grant defendants' motion for instructed verdict for the same reason stated in the first point.

Plaintiff relied wholly on the establishment of record title to the subject property. The chain of title relied upon, and proved by proper instruments, was established from the original patent from the State to the instruments of conveyances direct to plaintiff.

The property in controversy was conveyed to plaintiff by Texas Long Leaf Lumber Company by deed dated January 31, 1953, whereby the surface estate was conveyed to plaintiff. This deed is hereinafter referred to as the surface deed. The same grantor, Texas Long Leaf Lumber Company, on the same date, conveyed certain mineral interests to plaintiff and to Champion Paper and Fibre Company, such deed being hereinafter referred to as the mineral deed.

The surface deed contains the following clause: "This conveyance is expressly made subject to any leases or other instruments heretofore executed by Grantor or its predecessors in title affecting any portion of said lands including all valid rights-of-way, pipelines, and other utilities easements."

Defendants contend the surface deed contains "exceptions" from the land conveyed, and it was necessary for the plaintiff to prove that the lands sued for had not been previously conveyed and cite *Mills v. Pitts*, 121 Tex. 196, 48 S.W.2d 941 (1932), and *Waggoner v. Dodson*, 96 Tex. 415, 73 S.W. 517 (1903), as authority for such contentions. We do not agree.

The clause in the surface deed does not expressly except any portion of the conveyed land, but merely makes the conveyance subject to any leases or other instruments affecting the land. In *Kokernot v. Caldwell*, 231 S.W.2d 528, 531 (Tex.Civ.App. —Dallas 1950, writ ref'd), the court states:

"The term 'subject to' as used in the mineral deed has a well recognized meaning. 'The words "subject to," used in their ordinary sense, mean "subordinate to," "subservient to" or "limited by."

There is nothing in the use of the words "subject to," in their ordinary use, which would even hint at the creation of affirmative rights.' *Englestein v. Mintz*, 345 Ill. 48, 177 N.E. 746, 752. *Shell Oil Co. v. Manley Oil Corporation*, 7 Cir., 124 F.2d 714.

" 'Subject to,' as used in conveyances, is a term of qualification and not of contract. *Cox v. Butts*, 48 Okl. 147, 149 P. 1090; *Consolidated Coal Co. v. Peers*, 166 Ill. 361, 46 N.E. 1105, 38 L.R.A. 624."

The "subject to" clause in the surface deed does not exclude any of the land described in the deed of conveyance, but refers only to encumbrances on the property, and modifies, explains and limits the conveyance, and, in effect, incorporates any such prior instruments into the deed, so as to explain and clarify the nature and extent of the title being conveyed. See *Cockrell v. Texas Gulf Sulphur Company*, 157 Tex. 10, 299 S.W.2d 672, 676 (Tex.1956). It was not necessary, under this "subject to" clause, for the plaintiff to prove that the subject land had not been previously conveyed or leased.

The mineral deed under which plaintiff claims conveyed to plaintiff an undivided 78.9114 percent of the mineral estate and contained the following clause: "except such royalty and mineral interests as may have been heretofore excepted, reserved, retained, or conveyed by Grantor's predecessors in title."

The mineral deed also conveyed to Champion Paper and Fibre Company an undivided 21.0886 percent of the mineral estate.

Because of the "exception clause" in the mineral deed, defendants argue that it was incumbent upon plaintiff to prove that the mineral interest conveyed to it had not been previously conveyed, relying upon *Mills v. Pitts*, supra, and *Waggoner v. Dodson*, supra.

■ Plaintiff was the owner of an undivided interest in the mineral estate of the land in controversy, and it is well-settled law in this State that "[o]wners of undivided portions of oil and gas rights in and under real estate are tenants in common, and an oil and gas lessee of a co-tenant becomes a co-tenant with the co-tenants of his lessor," *Willson v. Superior Oil Co.*, 274 S.W.2d 947, 950 (Tex.Civ.App.—Texarkana 1954, writ ref'd n. r. e.), and cases cited therein.

■ "[W]hen a cotenant seeking to recover the entire tract of land proves title in himself and his cotenants, the burden is not upon him to go further and make proof that his cotenants have not parted with their title." *Dahlberg v. Holden*, 150 Tex. 179, 238 S.W.2d 699, 703 (1951).

Under the mineral deed, plaintiff was a co-tenant with anyone owning an undivided interest in the mineral estate, and as such had the right to recover in its trespass to try title suit without proving that its interest had not been previously conveyed.

■ The defendants made no claim of ownership by any conveyances connected with the sovereignty, and admittedly failed to prove any title by adverse possession. They are trespassers and complete strangers to the title to this property.

Plaintiffs, as co-tenants in the mineral estate, can maintain this action in trespass to try title against a trespasser and recover the entire possession. And, as to such stranger to the title, the defense of outstanding title is unavailable. See *Whittle v. Johnston*, 392 S.W.2d 867 (Tex.Civ.App.—Texarkana 1965, writ ref'd n. r. e.), citing *Dahlberg v. Holden*, supra. Both of defendants' points are overruled.

The judgment of the trial court is affirmed.

AFFIRMED.