Jones, Chief Judge,
delivered the opinion of the court:
This case is before us on defendant’s motion for summary judgment under Eule 51.
*568 Under contract dated September 30, 1948, the plaintiff constructed for the Corps of Engineers, United States Army, pressure conduits and sewers at or near Cumberland, Maryland. The contract was on a unit price basis for the estimated cost of $273,916.50. Work was to begin October 25, 1948. It was'completed November 17, 1949. The Government assessed liquidated damages at the rate of $200 per day for 97 days’ delay in completion, or a total of $19,400.
In addition to asking for remission of liquidated damages plaintiff asserts a number of claims which may be summarized, as follows:
A — Sheeting and Shoring
B — (1) Additional Excavation for Type “A”
(2) Additional Excavation for Type “B”
C — Underpinning
D — Trap Bock
E — Coarse Aggregate for Cement-Time Extension Only
F — Delay in Approval of Cement ....
G — Floods
H — Mixing Time
I — 48" Trunk Sewer Protection
The total- amount thus claimed, including the remission of liquidated damages, is $119,800.42.
As shown by the pleadings of the parties, and the exhibits attached thereto, all of these claims, with one exception, are based on disputed facts. Article 15 of the contract is as follows: ■
Article 15. Disputes. Except as otherwise specifically provided in this contract, all disputes concerning questions of fact arising under this contract, shall be decided by the contracting officer subject to written appeal by the contractor within 30 days to the head of the department concerned or his duly authorized representative whose decision shall be final and conclusive upon the parties hereto. In the meantime the contractor shall diligently proceed with the work as directed.
Each of the above claims was decided adversely to the plaintiff by the contracting officer. Timely appeals were filed *569 and the decision of the contracting officer was affirmed by the Corps of Engineers, Claims and Appeals Board, which was the duly designated and recognized representative of the head of the department, to which board the matters were submitted for final determination.
In the case of United States v. Wunderlich, 342 U. S. 98, 100, the Supreme Court uses the following language:
Respondents were not compelled or coerced into making the contract. It was a voluntary undertaking on their part. As competent parties they have contracted for the settlement of disputes in an arbitral manner. This, we have said in Moorman, Congress has left them free to do. United States v. Moorman, supra, at 462. * * *
Since there was no pleading of fraud, and no finding of fraud, and no request for such a finding, we are not disposed to remand the case for any further findings, as respondents urge. * * * In the absence of such finding, the decision of the department head must stand as conclusive, and the judgment is Reversed.
With the exception of the one item which will be hereafter discussed, these claims involve disputed facts and thus fall within the terms of that decision. Regardless of what conclusion might be reached were we reviewing the decision on the various items claimed, it would be a complete waste of the time and energies of the court and the litigants, and involve a useless expenditure of funds, to hear testimony on these various claims.
The plaintiff earnestly insists that some of these claims involve an interpretation of the contract and specifications and therefore involve questions of law rather than of fact, but as will be seen from an examination of the pleadings and the exhibits, with the single exception, the issue as to each of them finally turns upon disputed facts.
The single exception has to do with Claim E, entitled “Coarse Aggregate for Cement.” According to the allegations of plaintiff, the defendant had represented that suitable stone was available for coarse aggregate cement, together with a supplier of such material, but after the notice to *570 proceed was given, samples of aggregate were submitted from the main available supplier and were rejected by the defendant; that sources remote from the job were contacted and finally negotiations were initiated to induce a prospective supplier to develop an entirely new source rather than to take from any available source; that by specifying that suitable stone was available for coarse aggregate, the defendant induced the contractor to bid upon the basis of availability of stone and not make the usual preliminary investigation and commitments to prospective suppliers; that an entirely new quarry had to be opened up and stone found at considerable depth; that this procedure made necessary in order to secure the coarse aggregate which had been represented as available delayed the plaintiff 72 days.
We'think that this dispute as to the meaning of the term available may involve a question of law or at least a mixed question of law and of fact, and at least cannot be determined on the allegations without hearing testimony as to the facts in connection with the delay incident to obtaining this necessary material. Certainly it seems to us that if the facts should show, that instead of being available, it was necessary to open up a new quarry and to go to considerable depth in the ground and that plaintiff was necessarily delayed thereby, it should not have been charged with liquidated damages at the rate of $200 per day for the 72 days, or for such period as the facts may show that it was delayed.
The claim will be referred to a commissioner to hear evidence limited to this particular issue. In all other respects the motion for summary judgment is granted.
It is so ordered.
Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.