## UNITED FOUNDATION CORPORATION

v.

## The UNITED STATES.

### No. 175-52.

United States Court of Claims.

Jan. 11, 1955.

Oliver P. Easterwood, Jr., Washington, D. C., for plaintiff.

Laurence H. Axman, New York City, with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

This suit involves several distinct claims. On November 3, 1953, on motion of defendant, judgment of dismissal was entered as to all claims except one, pursuant to the decision of the United States Supreme Court in United States v. Wunderlich, 342 U.S. 98, 72 S.Ct. 154, 96 L.Ed. 113.

On May 11, 1954, Public Law No. 356, 83d Congress, 2d Session, 41 U.S.C.A. §§

321, 322, became effective. It reads as follows:

"That no provision of any contract entered into by the United States, relating to the finality or conclusiveness of any decision of the head of any department or agency or his duly authorized representative or board in a dispute involving a question arising under such contract, shall be pleaded in any suit now filed or to be filed as limiting judicial review of any such decision to cases where fraud by such official or his said representative or board is alleged: *Provided, however,* That any such decision shall be final and conclusive unless the same is fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence.

"Sec. 2. No Government contract shall contain a provision making final on a question of law the decision of any administrative official, representative, or board."

The question is whether the enactment of this law serves to reopen the particular claims involved in this suit in which judgment of dismissal had been entered prior to its enactment.

Plaintiff's original petition was filed April 15, 1952. It set out seven distinct claims growing out of a construction contract. Article 15 of the contract, which was the standard form in use at that time, stipulated that all disputed questions of fact arising under the contract should be decided by the contracting officer, subject to written appeal within 30 days to the head of the department or his duly authorized representative whose decision should be final and conclusive on the parties thereto.

Each of the claims was decided adversely to the plaintiff by the contracting officer. Timely appeals were filed and the decision of the contracting officer was affirmed by the authorized representative of the head of the department.

On the authority of the Supreme Court in the case of United States v. Wunder-lich, supra, the defendant's motion to dismiss was granted as to all the claims except Claim E which was designated as "Coarse Aggregate for Cement-Time Extension Only." Since a decision on this particular claim involved the issue of whether the defendant had made misleading representations as to the nature of the material to be used, as well as to its availability, and other issues requiring an interpretation of the contract, and therefore involved a question of law or a mixed question of law and of fact, the case was referred to a commissioner to hear evidence limited to that particular issue. In all other respects the defendant's motion for summary judgment was granted.

In order to take advantage of the enactment of Public Law 356, the plaintiff asked leave to file an amended petition. Defendant objected on the ground that most of the issues had already been disposed of by the court. However, since the law had recently been enacted and had not been interpreted, the court decided to simply grant the leave to file an amended petition without undertaking in advance to determine what it should include.

The petition was filed alleging that the action of the contracting officer and of the representative of the head of the department on appeal were capricious or arbitrary or so grossly erroneous as to necessarily imply bad faith, or were not supported by substantial evidence as to any of the claims involved in the original petition.

The defendant moves the court under Court of Claims Rules 15(b), 16(b) and 8(b), 28 U.S.C.A., to dismiss plaintiff's amended petition as to all claims set forth therein except as to the claim alleged and designated as Claim E.

Since the court in the previous decision of this case has definitely held that with the exception of Claim E all the claims in suit involved disputed facts and dismissed the petition as to the other claims, there has been an adjudication of such claims. The enactment of Public Law 356, under the terms of the act

and under the established rules of this court, does not serve to reopen the previously adjudicated claims.

The provisions of the act appear to be clear that it does not apply to adjudicated matters, but if there were any doubt it would be resolved by the committee report[1] which was filed in connection with the bill which ultimately became Public Law 356 and from which we quote:

"The committee believes that all of such persons should receive the protection which would be afforded by this proposed legislation, *but it does not believe that it would be practicable to reopen cases which have heretofore been decided by the courts.*

"While the committee believes that S. 24 as passed by the Senate would adequately cover all unadjudicated cases now on file in the courts as well as those to be filed, the proposed amendment makes this abundantly clear by inserting such language." [Emphasis supplied.] U.S.Code Congressional and Administrative News, pp. 2191, 2196.

Subdivision (b) of Rule 38 of the Court of Claims is as follows:

"(b) Separate Trials. The Court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, counterclaim, or of any separate issues or of any number of claims, counterclaims, or issues; and may enter appropriate orders or judgments with respect to any of such issues, claims, or counterclaims that are tried separately."

Court of Claims Rule 50 contains the following:

"Definition. 'Judgment' as used in these rules includes any decree or order subject to a petition for writ of certiorari."

There is no question that the action of this court in dismissing the various claims with the exception noted was such a final judgment as was appealable to the Supreme Court through an application for certiorari.

In the case of Caltex (Philippines) Inc., v. United States, 100 F.Supp. 970, 120 Ct.Cl. 518, which involved several claims for loss of property in the Philippine Islands, the court allowed one of the plaintiffs to sever several of the claims and held that the plaintiffs were entitled to recover on other claims.

The Supreme Court granted certiorari, 343 U.S. 955, 72 S.Ct. 1050, 96 L.Ed. 1355, notwithstanding the fact that the judgment was final as to some of the claims and not final as to others.

It has been held under recent decisions that if the trial court entered judgment disposing of one separate claim the judgment was final for purposes of appeal, although other claims remained for adjudication. Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478; Collins v. Metro-Goldwyn Pictures Corp., 2 Cir., 106 F.2d 83; Kasishke v. Baker, 10 Cir., 144 F.2d 384.

The plaintiff did not see fit to make application for certiorari within 90 days following the entry of the order of November 3, 1953, and it therefore became a final judgment as to the claims which on that date had been definitely dismissed.

We have no doubt of our authority, in a proper case under our rules, to reopen issues that may have been determined in any case that involves multiple claims growing out of the same contract, if the ends of justice so require. But this is not such a case.

The claims were listed separately. All of the claims except Claim E, involved disputed facts. They were distinct claims. Even if there had been some overlapping in the claims that involved disputed facts, there is no overlapping and no kinship as between the claims as to which final disposition was made and Claim E which involved an interpretation of the provisions of the contract. Claim E is entirely distinct from the

---

1. House Report No. 1380, 83d Congress, 2d Session.

other claims, and there is no reasonable ground for using it to reopen other unrelated claims that were finally disposed of under the law as it existed on November 3, 1953, when the order was entered disposing of them pursuant to our opinion of that date.

The order of the court entered November 3, 1953, dismissing the claims with the exception noted, having become final prior to the enactment of Public Law 356, is hereby ratified and confirmed. The defendant's motion is granted, and plaintiff's amended petition, except as to the claim designated as Claim E, is dismissed.

The commissioner to whom this case has been referred will proceed to hear evidence limited to Claim E as set out in the amended petition.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.