## LOY v. McDOWELL.

No. 10644—Opinion Filed March 28, 1922.

(Syllabus.)

**1. Jury—Right to Jury Trial—Statute.**

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided." Section 4993, Revised Laws, 1910.

**2. Same—Refusal of Jury Trial After Setting Aside Verdict.**

It is error for the court to set aside the verdict of the jury on a motion for a new trial, and then, over the objection of both parties to the action, invade the province of the jury by rendering a judgment which, in effect, modifies the verdict of the jury.

**3. Judgment—But One Judgment in An Action.**

Under the Oklahoma Code of Civil Procedure there can be but one judgment in an action. Wells v. Shriver, 81 Okla. 108, 197 Pac. 460.

**4. Same—Judgment Defined.**

A "judgment" is the final determination of the rights of the parties in an action. To constitute a judgment under the Code, it must judicially determine all of the issues raised by the pleadings except such as are waived or abandoned on the trial of the case. Wells v. Shriver, 81 Okla. 108, 197 Pac. 460.

**5. Same—Conclusiveness.**

A judgment must not only determine the rights of the parties in an action, but must conclude all further inquiry into the issues joined by the pleadings and leave nothing further to be done except carry it into execution. Wells v. Shriver, 81 Okla. 108, 197 Pac. 460.

Error from District Court, Lincoln County; Charles B. Wilson, Jr., Judge.

Action by J. G. Loy against J. E. McDowell to recover a money judgment. Verdict in favor of defendant. Verdict set aside, and the court attempted to render a judgment modifying the verdict. Plaintiff appeals. Reversed and remanded, with instructions.

Jarrett & Speakman, for plaintiff in error.

E. D. Reasor, for defendant in error.

MILLER, J. This action was commenced in the district court of Lincoln county by J.

G. Loy, as plaintiff, against J. E. McDowell, as defendant, to recover rent for the use of 160 acres of farming land for the year 1917, which plaintiff claimed he was entitled to receive from the defendant.

At the commencement of the action the plaintiff caused an attachment to be issued and levied upon certain property of the defendant. The defendant in his answer alleged that about January 1, 1917, he purchased the farm in controversy and occupied and cultivated it as the owner thereof, and had not made any rental agreement with the plaintiff or any other person. That the attachment was wrongful, and in his cross-petition he asked to recover actual damages in the sum of $342.50, exemplary damages in the sum of $500, $150 attorney's fees, and $12.50 expense money. The plaintiff in his reply admitted that defendant cultivated the land in 1917; admitted that he had caused an attachment to be issued and levied upon corn and kafir corn belonging to the defendant, and denied generally all the other allegations of the petition.

The case was tried to a jury, which returned the following verdict:

"We, the jury empaneled and sworn to try the above cause, do, upon our oaths, find for the defendant, and fix the amount of his recovery at $1,000.00."

A motion for a new trial was filed, and upon the hearing of this motion the court set aside the verdict and rendered a judgment which, omitting the formal parts, reads as follows:

"It is therefore hereby considered, ordered and adjudged by the court that the plaintiff, J. G. Loy, take nothing by reason of his petition or attachment against the said defendant in this cause and that the said attachment of said plaintiff against said defendant be and the same is hereby discharged, that the said defendant, J. E. McDowell, do have and recover judgment for the full and complete return of the proceeds derived from the sale of all the property levied upon by the sheriff in this cause and for the return of all of the property so taken and not sold, if any, and the further sum of $150, attorney's fee for the benefit of E. D. Reasor, attorney for said defendant. and that the plaintiff pay all of the expenses of gathering and marketing all of said attached property which was sold by the sheriff in said action, to be taxed as costs in the case, and that the plaintiff pay all of the costs of this suit. It is further adjudged that the defendant's cross-petition does not state a cause of action, and that the same be and the same is hereby dismissed without prejudice."

Each of the parties excepted to that part of the judgment adverse to him; gave notice of appeal, and each was granted time in which to make and serve a case-made. The plaintiff in the court below perfected his appeal, filed his petition in error with case-made attached in this court, and appears here as plaintiff in error. The defendant in the court below did not perfect his appeal or file any petition in error or cross-petition in error, and appears here as defendant in error. For convenience, the parties will be referred to as they appeared in the lower court.

The plaintiff assigns 17 specific errors in his petition in error. It will only be necessary to consider the 14th and 17th assignments, which read as follows:

"14. Error of the court in rendering a judgment for $150 attorney's fee in favor of defendant in error."

"17. That said court erred in that the judgment rendered in said cause is not warranted by the acts in evidence or authorized by law."

The only questions we are passing on under these assignments of error are, "Did the court have any legal authority to render the judgment complained of; and, Is this a judgment as contemplated under the Code of Civil Procedure?" We answer both of these questions in the negative.

The record discloses disputed questions of fact as to the amount the defendant was entitled to recover. There was also a disputed question of fact as to whether or not the plaintiff was entitled to recover a money judgment, and, if so, how much?

Each of the parties had the right, under the statute, to a jury trial, unless a jury trial was waived.

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided." Section 4993, Revised Laws 1910.

It is clear a jury trial had not been waived because the parties tried it to a jury and each of the parties excepted to the trial court rendering the judgment it did render.

This is not the kind of a case where there is not any evidence to support the verdict of the jury and the court had a right to render a judgment non obstante veredicto. Neither is this one of the classes of cases where the damages assessed by the verdict

of the jury are excessive and the court may require a remittitur as the alternative in lieu of granting a new trial.

The court invaded the province of the jury in rendering the judgment it attempted to render. Each of the parties had the right, under the statute above quoted, to have the issues of fact submitted to a jury under proper instructions from the court.

Second. Is this a judgment as contemplated under the Code of Civil Procedure? "A judgment is the final determination of the rights of the parties in an action." Section 5123, Revised Laws 1910.

In Wells v. Shriver, 81 Okla. 108, 197 Pac. 460, this court said:

"Under the Oklahoma Code of Civil Procedure there can be but one judgment in an action.

"A judgment, is the final determination of the rights of the parties in an action. To constitute a judgment under the Code, it must judicially determine all of the issues raised by the pleadings except such as are waived or .abandoned on the trial of the case.

"A judgment must not only determine the rights of the parties in an action, but must conclude all further inquiry into the issues joined by the pleadings and leave nothing further to be done except carry it into execution."

The amount that McDowell is entitled to recover from Loy is not, determined by this judgment, but it leaves the amount still an undetermined question of fact. Each of the parties, under the Code of Civil Procedure has a right to have all issues properly raised in an action fully and finally determined by the judgment of the court. The judgment should leave nothing to be done except carry it into execution.

In view of the conclusions we have reached, it will not be necessary to pass on the other assignments of error raised by plaintiff in error, as any errors the trial court may have committed will probably not occur again on a retrial of the case.

For the reasons stated, the judgment of the trial court is reversed, and this action is remanded to the district court, with instructions to vacate the judgment rendered on the 3rd day of December, 1918, and grant a new trial.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.