## FOREMAN v. RILEY.

No. 12752—Opinion Filed Jan. 2, 1923.

(Syllabus.)

1. **Appeal and Error - Appealable Orders—Appointment of Referee.**

An appeal does not lie from a district court to the Supreme Court to review an interlocutory order which orders the appointment of a referee for the purpose of taking an accounting, and which states that when such referee's report is filed judgment will be rendered canceling certain deeds and adjudicating the rights of the parties under the accounting.

2. **Same—Dismissal of Appeal.**

Where the party feeling himself aggrieved by such interlocutory order attempts to appeal from the district court to this court for the purpose of having such interlocutory order reviewed, and the defendant in error files a motion to dismiss said appeal for the reason that it is not a final judgment, such motion should be sustained.

3. **Judgment—Requisites.**

A "judgment" is the final determination of the rights of the parties in an action. To constitute a judgment under the Code, it must judicially determine all of the issues raised by the pleadings except such as are waived or abandoned on the trial of the case. Wells v. Shriver, 81 Okla. 108, 197 Pac. 460.

4. **Same.**

A judgment must not only determine the rights of the parties in an action, but must conclude all further inquiry into the issues joined by the pleadings and leave nothing further to be done except carry it into execution. Wells v. Shriver, 81 Okla. 108, 197 Pac. 460.

5. **Statutory Provisions—"Orders."**

Every direction of a court or judge made or entered in writing and not included in a judgment is an order. Section 5316, Revised Laws 1910.

Error from District Court, Tulsa County; Owen Owen, Judge.

Action by Lennie Riley against Robert Foreman to cancel certain deeds, recover lands, and have an accounting. An order appointing a referee was made, but final judgment was not rendered by the trial court. Defendant appeals. Appeal dismissed.

P. H. Moroney and Robinson & Meiher, for plaintiff in error.

Lashley & Rambo and Rollin E. Gish, for defendant in error.

MILLER, J. This action was commenced in the district court of Tulsa county by Lennie Riley, nee Foreman, as plaintiff, against Robert Foreman, as defendant, to cancel and set aside a certain deed bearing date of January 11, 1915, by which deed the said Lennie Riley had conveyed certain lands in Tulsa county to the defendant, Robert Foreman, who was her father. She alleged that she was without business experience and immediately prior to the execution of said deed was a minor under the age of 18 years, and that her father represented to her that on account of her lack of business experience she would be in great danger of being defrauded out of her land, and that for her own protection she should execute the deed conveying said land to him; that the deed was executed for said purpose and for no other purpose, and that no consideration passed therefor. That in fact her father held the title in trust for her, but thereafter asserted absolute ownership to said property, and this suit was brought to cancel the deed and for an accounting for the rents, profits, oil royalties, and bonuses derived from leases made by her father on said land.

The case was tried to the court, and at the conclusion of the trial the court made findings of fact and conclusions of law, which, in substance, were that the deed should be canceled as prayed for by the plaintiff and that a referee should be appointed to take an accounting of the rents and profits, and that when the referee made his report, judgment should be rendered canceling the deed in question and decreeing the title to the property in the plaintiff, and such further judgment as would be warranted under the report of the referee.

The defendant in the court below saved his exceptions, filed a motion for a new trial, which was overruled, obtained time in which to make and serve a case-made, and appealed to this court, appearing here as plaintiff in error. The appeal was duly lodged in this court, and thereafter the defendant in error, plaintiff in the court below, filed a motion to dismiss the appeal because no final judgment had been rendered in this action. Upon an examination of the record, we think the motion should be sustained.

The journal entry of the trial of said cause, which occurred on the 15th day of April, 1921, after the formal recitals and findings of fact, starts out:

"Now, therefore, it is ordered, considered and adjudged by the court that defendant be required to account to the plaintiff for all bonuses, rentals, and royalties received by said defendant for all oil and gas mining leases," etc.

The next paragraph of the journal entry begins:

"It is further ordered, considered and adjudged that the issues of fact arising in the accounting hereinbefore ordered be referred to a referee," etc.

The next paragraph reads as follows:

"It is further ordered, considered and adjudged that upon the receipt of said referee's report that this court shall then render judgment cancelling the deed from plaintiff to defendant dated January 11, 1915, covering the following described lands situated in Tulsa county, Oklahoma, to wit: The west half (W. ½) of the southeast quarter (S. E. ¼) of section sixteen (16), township twenty (20) north, range thirteen (13) east, according to the Indian Base and Meridian, and recorded in the office of the county clerk and ex-officio register of deeds of Tulsa county, Oklahoma, February 6, 1915, in Book 120 at page 577, and if it shall appear from said accounting that plaintiff is indebted to defendant, defendant be decreed a lien upon the lands hereinbefore described as security for the amounts due him; and if it shall appear from said accounting that defendant is indebted to the plaintiff, that plaintiff have judgment against said defendant for the amounts so due to the plaintiff. It is further ordered, considered and adjudged that the plaintiff have judgment against said defendant for all costs accrued in this action to this date, the same to be taxed by the clerk of this court in the sum of one hundred five and no-100 dollars, and that the costs of this action from this date, including referee's fees and the costs of said accounting, shall be taxed against the defendant."

This falls clearly within the rule laid down in the case of Wells v. Shriver, 81 Okla. 108, 197 Pac. 460. This is not a final judgment. The fact that these paragraphs started off with the recital, "It is ordered, considered and adjudged," does not necessarily make it a final judgment, or a judgment. Neither does the fact that the journal entry contains a recital that the plaintiff have judgment against the defendant for costs, which are to be taxed and inserted therein by the clerk, make this a judgment. The court clearly indicated that the judgment would be rendered after the coming in of the report of the referee. This journal entry did not dispose of all the issues in the case, and cannot be construed to rise to the dignity of a judgment. It is merely an announcement of what judgment the court would render when all of the issues raised by the pleadings had been tried out. It was necessary for the court to make a finding and indicate what judgment would be rendered in order to justify the appointment of a referee to take the accounting. It is merely an interlocutory order, and defines the lines to be followed in taking the accounting.

As the statutes do not provide for appeals from orders of this kind, this appeal cannot be maintained, and the appeal is hereby dismissed.

HARRISON, C. J., and JOHNSON, KENNAMER, and COCHRAN, JJ., concur.