KASISHKE et al. v. BAKER.
No. 2944.

Circuit Court of Appeals, Tenth Circuit.
Aug. 2, 1944.

R. D. Hudson, William M. Taylor, Paul Pinson, I. J. Underwood and M. C. Rodolf, all of Tulsa, Okl., for appellants.

M. A. Breckinridge, of Tulsa, Okl., for appellee.

Before PHILLIPS. and MURRAH, Circuit Judges, and RICE, District Judge.

RICE, District Judge.

The appellee, plaintiff below, filed his suit against the appellants, defendants below, alleging that in 1932 he entered into an oral agreement with the defendant Kasishke, whereby they would enter into the oil business—Kasishke to furnish the money and plaintiff to devote his time and attention thereto in the capacity of general manager. It is alleged that the two corporate defendants are wholly owned by Kasishke and his family and completely under his domination and control. According to the alleged agreement plaintiff was to receive a small salary and in addition was to have a 10% interest in the properties acquired, it being contemplated that plaintiff's interest would not be realized upon until the properties had been substantially drilled and fully paid out. In the event the relation should terminate, plaintiff alleged he was to have a 10% interest in all oil and gas leases, as well as profits which might flow from them, acquired prior to the date of such termination. The agreement contemplated the purchase of oil and gas leases and their development. Pursuant to this agreement it is alleged that numerous oil and gas leases were acquired in both Oklahoma and Kansas, title to which was taken or held at time of trial in one or the other corporate defendants. Some of these leases proved to be valuable, their total value approximating $6,000,000 at time of trial. After the leases began to produce oil, trouble developed between plaintiff and Kasishke, resulting in a termination of the alleged relationship in June, 1939.

By his suit plaintiff sought the following relief: That the relationship existing between him and Kasishke be adjudged to be a joint venture and that plaintiff be adjudged to be the owner and entitled to a 1/10th of all properties acquired during the time the relationship continued, and that defendants be required to make, execute and deliver to him an assignment for an undivided 1/10th interest in and to all of said oil and gas leases. In addition, plaintiff asks that the defendants be required to

account to him for 10% of all profits already accrued from said leases. Plaintiff seeks in the alternative that in the event the court should determine he is not the owner of a 10% interest in the properties, he then be decreed to be entitled to 10% of the profits derived from the oil and gas business conducted by defendants, and that he have an accounting for same.

Upon trial the court heard the evidence as to the alleged relationship existing between plaintiff and defendants, filed findings of fact and conclusions of law, and. entered the judgment from which this appeal is taken. By this judgment it was decreed "that the plaintiff, B. A. Baker, have and recover of and from the defendants, A. H. Kasishke, Coralena Oil Company, and Olive Drilling Company, or their predecessors, an undivided one-tenth interest in all of the interest owned by said defendants in and to each and every lease and leasehold estate acquired by the defendants A. H. Kasishke, Coralena Oil Company, and Olive Drilling Co., or their predecessors, during the period of time up to and including the 3rd day of June, 1939." Attached to and made a part of the judgment is a list of 26 oil and gas leases, properly described, acquired prior to June 3, 1939. The judgment directed that the defendants make proper conveyances of such 1/10th interest to the plaintiff, failing which within a specified time the decree should be and constitute sufficient muniment for vesting of title. The concluding paragraph of the judgment is as follows: "It is further ordered and decreed by the Court that this judgment is final so far as it has been determined that the plaintiff shall have and recover from the defendants a ten per cent interest in all of the defendants' interests in all properties acquired by defendants during the period of the joint adventure, and ten per cent interest in all profits earned during said period; but the court will at a date to be hereafter determined enter an order for an accounting for the purpose of determining the amount of money judgment to be entered for plaintiff, if any, and for the purpose of ascertaining what additional properties, if any, are covered by such ten per cent interest."

By a Motion to Dismiss Appeal, appellee has appropriately questioned the finality of the judgment, and whether or not said judgment has that degree of finality required for appeal is the sole question for consideration at this time.

Only "final decisions" of a District Court may be reviewed here on appeal. 28 U.S.C.A. § 225. By "final decisions" is meant final judgment or decree, In re Tiffany, 252 U.S. 32, 40 S.Ct. 239, 64 L.Ed. 443, and the finality of the judgment is to be determined from the face of the judgment, Gulf Refining Co. v. United States, 269 U.S. 125, 46 S.Ct. 52, 70 L.Ed. 195; Louisiana Nav. Co. v. Oyster Commission, 226 U.S. 99, 33 S.Ct. 78, 57 L.Ed. 138; Haseltine v. Central National Bank, 183 U.S. 130, 22 S.Ct. 49, 46 L.Ed. 117.

The distinction between an interlocutory and a final judgment, order or decree has been the subject of much discussion in the decisions of both Federal and State Courts. The Supreme Court recognizes that there is a lack of harmony in its decisions as to the finality of a judgment. See Georgia Ry. & Power Co. v. Decatur, 262 U.S. 432, 43 S.Ct. 613, 67 L.Ed. 1065. For this court to attempt by a general definition to distinguish one from the other would probably not be helpful. Suffice to say that a review of the adjudicated cases discloses that it is extremely difficult to define with any great degree of exactness the difference between a final and an interlocutory judgment or order. On the one hand we find those decisions that tend to limit and restrict appeals; that present the view that a case should not be tried and appealed by piecemeal; that a final judgment leaves nothing to be done except its execution and that no further proceedings are contemplated. For example,

"A decree cannot be said to be final until the court has completed its adjudication of the cause." Green v. Fisk, 103 U.S. 518, 519, 26 L.Ed. 485.

See, also, Latta v. Kilbourn, 150 U.S. 524, 14 S.Ct. 201, 37 L.Ed. 1169.

Such decisions exemplify the general rule. On the other hand we find other decisions that recognize the exceptions to the general rule, exceptions that have been recognized since the early decision of Forgay v. Conrad, 6 How. 201, 12 L.Ed. 404, followed by Thomson v. Dean, 7 Wall. 342, 19 L.Ed. 94; Carondelet Canal & Navigation Co. v. Louisiana, 233 U.S. 362, 34 S.Ct. 627, 58 L.Ed. 1001; Rector v. United States, 8 Cir., 20 F.2d 845, and Rubert Hermanos, Inc., et al. v. People of Puerto Rico, 1 Cir., 118 F.2d 752. The language from the last cited decisions is particularly applicable to our present question.

"When the decree decides the right to the property in contest, and directs it to be delivered up by the defendant to the complainant, or directs it to be sold, or directs the defendant to pay a certain sum of money to the complainant, and the complainant is entitled to have such decree carried immediately into execution, the decree must be regarded as a final one to that extent, and authorizes an appeal to this court, although so much of the bill is retained in the Circuit Court as is necessary for the purpose of adjusting by further decree the accounts between the parties pursuant to the decree passed." Forgay v. Conrad, supra [6 How. 204, 12 L.Ed. 404.][1]

"In this case the decree directs the performance of a specific act, and requires that it be done forthwith. The effect of the act when done is to invest the transferees with all the rights of ownership. It changes the property in the stock as absolutely and as completely as could be done by execution on a decree for sale. It looks to no future modification or change of the decree. No such change or modification was possible after the term, except on rehearing or by bill of review in the Circuit Court, or through appeal in this court." Thomson v. Dean, supra [7 Wall. 345, 19 L.Ed. 94].

"The judgment disposes of and orders the delivery of practically all of the property sued for * * *. It reserves property not appurtenant and an accounting of certain disbursements. * * * The judgment, therefore, has a substantial finality. * * *

"In the case at bar there is distinct and explicit finality, and the further proceedings are directed to apply only to the 'questions reserved.' And it is to be assumed this was purposely done to give finality to the questions not reserved, so that the decree could be immediately executed upon the property involved requiring it to be delivered into the possession and administration of the state. This disposition, we can easily conceive, the court considered necessary to the rights which the state was adjudged to have, and the remedy commensurate with them." Carondelet Canal & Navigation Co. v. Louisiana, supra [233 U.S. 362, 34 S.Ct. 628, 58 L.Ed. 1001].

"It is certain that an order is final and appealable if it is of a character which settles substantial rights; which makes no reservation as to its effect; which is designed to be operative in a way affecting such rights at once or before or irrespective of the final decree in the main litigation." Rector v. United States, supra [20 F.2d 872].

■ "A 'final decision' is not necessarily the ultimate judgment or decree completely closing up a proceeding. In the course of a proceeding there may be one or more final decisions on particular phases of the litigation, reserving other matters for future determination." Rubert Hermanos, Inc., et al. v. People of Puerto Rico, supra [118 F.2d 757].

■ A judgment need not conclude the litigation as a whole in order to be final for purposes of appeal. Admittedly the judgment under consideration, if it stands, does not put an end to the litigation—something remains to be done. But when we examine the judgment that was actually entered in the light of the authorities, supra, we conclude it is final and appealable. It definitely fixes the rights of the parties in and to certain specific property. It provides as to that question it is final. It directs the defendants to execute and deliver to plaintiff proper conveyances of an undivided 1/10th interest in the described oil and gas leases. If the defendants fail to execute the conveyances the decree itself shall operate as such conveyance. Nothing could be more complete. The defendants must either appeal or be met later with the contention that having failed to appeal they are precluded from questioning the plaintiff's ownership of a ten per cent interest in the leases. If plaintiff is the owner of a ten per cent interest in the leases, he is entitled as a matter of right to an accounting. If he is not the owner of a ten per cent interest, he is not entitled to an accounting and the litigation is ended. Why not determine that question now, and avoid any uncertainty as to the right to an accounting, which the parties all admit will be expensive and require much time? Practical considerations in the administration of justice suggest the necessity of treating the

---

[1] Cf. United States v. 243.22 Acres of Land, 2 Cir., 129 F.2d 678; Gulf Refining Co. v. United States, 269 U.S. 125, 46 S.Ct. 52, 70 L.Ed. 195; Lewisburg Bank v. Sheffey, 140 U.S. 445, 11 S.Ct. 755, 35 L.Ed. 493; Winthrop Iron Co. v. Meeker, 109 U.S. 180, 3 S.Ct. 111, 27 L.Ed. 898; Puerto Rico Ry. Light & Power Co. v. United States, 1 Cir., 131 F.2d 491.

judgment as final. A consideration of the language of the judgment, under the law, requires the conclusion that it is final for purposes of appeal.

The motion to dismiss the appeal is denied.