Daisy LaVELLE and Daisy LaVelle, Executrix of the Estate of Bert LaVelle, Deceased, Plaintiffs in Error,

v.

FAIR OIL COMPANY, Defendant in Error.

No. 40193.

Supreme Court of Oklahoma.

Dec. 20, 1963.

**14**

Johnson, Fisher & LeDonne, Lewis C. Johnson, Ted R. Fisher, Tulsa, for plaintiffs in error.

R. Robert Huff, Tulsa, for defendant in error.

IRWIN, Justice.

Bert LaVelle and Daisy LaVelle, commenced an action against Fair Oil Company to recover damages allegedly sustained from the development and operation of a leasehold estate. Bert LaVelle died during pendency and the cause as to him was revived in the name of the Executrix of his estate.

The petition alleged five causes of action and the trial court sustained defendant's demurrer to the fifth cause. The other four causes were presented to the jury and at the conclusion of plaintiffs' evidence, the trial court sustained defendant's demurrers to plaintiffs' evidence on the grounds that the evidence was insufficient to show that Fair Oil Company was the owner or operator of the leasehold estate during the time the alleged damages were sustained. Plaintiffs perfected this appeal from the order overruling their motion for a new trial.

## PROPOSITION I

■ The first issue to be resolved is whether the trial court erred in sustaining defendant's demurrers to plaintiffs' evidence on the grounds it was insufficient to show that Fair Oil Company was the owner or operator of the leasehold estate during the time the alleged damages were sustained. We will examine the evidence to make this determination and in so doing we should be cognizant of the rule announced in McReynolds v. Oklahoma Turnpike Authority, Okl., 291 P.2d 341, wherein we held:

"In passing upon a demurrer to the evidence, the court does not weigh the evidence. The demurrer admits every fact which the evidence in the slightest degree tends to prove, and all inferences and conclusions that may be reasonably and logically drawn from the same, and, where there is any conflict in the plaintiff's evidence that would make any part of it unfavorable to plaintiff, or sustains the defense, the court, in passing upon such demurrer, should consider such evidence withdrawn.

"The jury is the sole judge of the facts and the inferences to be drawn therefrom, and where there is any evidence, or inferences to be drawn therefrom, reasonably tending to sustain a petition stating a cause of action, it is prejudicial error to sustain a demurrer to the evidence."

See also Byrd v. Marlin, 208 Okl. 655, 258 P.2d 649.

The record discloses that plaintiffs own the land and had executed an oil and gas.

lease in favor of William R. Wood, Jr., who drilled a well thereon. The lease was subsequently assigned to R. W. Fair and it was stipulated that R. W. Fair was President of Fair Oil Company. After the lease was assigned to R. W. Fair, Fair Oil Company plugged the well. Plaintiffs received a check from Fair Oil Company in the sum of $150.00 for location damages for the drilling of a second location on the leasehold estate. They also received a check in the sum of $105.00 from Fair Oil Company for damages in laying a salt water line and a check from Fair Operating Company in the sum of $150.00 for plugging two wells.

The evidence further discloses that a portion of the equipment, machinery and trucks used in the development and operation of the leasehold estate had the name "Fair Oil Company" on them. The name "Fair Oil Company" was stamped or stenciled on the pump jacks of two wells, and all of plaintiffs' complaints concerning the operation of the lease were made to "Fair Oil Company".

Defendant alleged in its answer that " * * * Fair Oil Company, at the time of filing this answer admits that it is the owner of a fractional part of * * * the oil and gas lease; that * * * Fair Oil Company, at the time of filing this answer, is the Unit Operator * * * "; and that " * * * at all times the defendant, Fair Oil Company has been the Unit Operator * * * it has performed its duties, responsibilities and obligations for the unitized management * * * in accordance with the laws of the State of Oklahoma * * * ".

■ Although the record is silent as to when R. W. Fair assigned his interest or a portion of his interest in the oil and gas lease to Fair Oil Company, by Fair Oil Company's answer, it admits that an assignment had been made or that it had acquired and owned a fractional part of the oil and gas lease. Under Title 16 O.S.1961 § 15, the fact that such assignment may not have been filed for record did not affect the force and effect of such assignment as between R. W. Fair and Fair Oil Company.

In the instant action, we must take as true the evidence that Fair Oil Company issued two checks to plaintiffs, one for location damages and one for laying a salt water pipe line; that plaintiffs made their complaints to Fair Oil Company; that Fair Oil Company brought its equipment, machinery and trucks on the property for the development and operation of the leasehold estate; and that Fair Oil Company had its name stamped or stenciled on the pump jacks of two wells. Therefore, in considering all of the inferences and conclusions which may be logically and reasonably drawn from such facts, there was evidence of possession of, or an interest in, the leasehold estate by Fair Oil Company.

■ We have held that possession of real property carries with it the presumption of ownership and the open, actual possession of such property gives notice to the world of just such interest as the possessor actually has. See Jones v. Sharp, 183 Okl. 22, 79 P.2d 585; James v. Union Graded School Dist. No. 2, Muskogee County, 201 Okl. 573, 207 P.2d 241; and Welch v. Langley, Okl., 264 P.2d 347.

■ We can only conclude that by applying the applicable law when a demurrer to the evidence is presented, the evidence of possession or an interest in the leasehold estate, coupled with the presumption of ownership by virtue of the evidence of possession, presented an issue of fact as to the ownership and operation of the leasehold estate which should have been resolved by the jury. Therefore, the trial court erred in sustaining the demurrers to plaintiffs' evidence.

PROPOSITION II

Five causes of action were alleged in plaintiffs' petition and the trial court sustained defendant's demurrer to the fifth cause of action. Thereafter, defendant filed its answer to the remaining four causes. Plaintiffs did not file a separate

appeal from the order sustaining defendant's demurrer, but included it as a specification of error in their motion for a new trial and in their petition in error filed in this Court.

■ Defendant contends that the trial court's order sustaining the demurrer to plaintiffs' fifth cause of action constituted a final and appealable order and since an appeal from such order was not perfected within the time allowed by statute, the fifth cause of action should be dismissed. Defendant relies on the case of Ritter v. Perma-Stone Company, Okl., 325 P.2d 442, which involved an action against a company and its agent and the trial court sustained the demurrer of the agent and the cause was dismissed against the agent after the plaintiff failed to further plead. Therefore, when the trial court dismissed the action against the agent, there was no action pending against the agent and such constituted a final and appealable order.

In the instant action, plaintiffs sought damages against a single defendant and the trial court sustained a demurrer to the fifth cause of action and did not render judgment thereon, and there was pending for trial the remaining four causes of action. In Cox v. Butts, 48 Okl. 147, 149 P. 1090, the petition contained four counts or causes of action which grew out of the same transaction. The trial court sustained a demurrer to two counts and after plaintiff elected to stand on these two counts, the trial court entered an order dismissing the two counts and proceeded to hear the remaining two causes of action. That case is distinguishable from the case at bar for in that case the trial court entered judgment dismissing the two causes of action after it had sustained the demurrers. In the instant action, the trial court neither rendered judgment nor dismissed the fifth cause of action after it had sustained the demurrer thereto.

In Fowler v. City of Seminole, 196 Okl. 167, 163 P.2d 526, we held:

"An appeal does not lie to Supreme Court from an order of trial court sustaining in part and overruling in part a demurrer to a petition, which order leaves case for trial on cause of action to which demurrer was not sustained."

We can only conclude that where a plaintiff alleges more than one cause of action against a defendant and the trial court sustains a demurrer to one of the causes of action and does not render judgment thereon, and there remains pending other issues to be determined, the trial court's order sustaining a demurrer to the one cause of action is not a final and appealable order as that term is employed in our statutory provisions relating to the time within which appeals from final orders must be perfected.

We therefore hold that under the facts in the case at bar, the trial court's order sustaining defendant's demurrer to plaintiffs' fifth cause of action was not then a final and appealable order.

■ The fifth cause of action is based on usage and custom in the oil industry and we have held where parties contract on a subject matter concerning which known usages prevail, they by implication, incorporate them in their agreement, if nothing is said to the contrary. See Cherokee Grain Co. v. Elk City Flour Mills Co., 78 Okl. 120, 188 P. 1067; and Bowles v. Brown, 187 Okl. 264, 102 P.2d 837.

In considering whether or not the trial court erred in sustaining the demurrer to the fifth cause of action, we note that on appeal defendant states that "whether or not the Trial Court acted properly in sustaining the Demurrers is not at issue * * *". Defendant has failed to brief whether or not the demurrer should have been sustained or point out why we should affirm the order of the trial court sustaining defendant's demurrer to plaintiffs' fifth cause of action. Plaintiffs have briefed this issue and on consideration thereof, it appears, and we hold that the trial court erred in sustaining the demurrer to plaintiffs' fifth cause of action.

## PROPOSITION III

█ Defendant contends that the petition in error was not filed in this Court within the time allowed by statute and the appeal should be dismissed. To sustain this contention, defendant's theory seems to be that no motion for a new trial was necessary and the time for perfecting the appeal must be computed from the date the trial court sustained the demurrer to plaintiffs' evidence and not from the date the plaintiffs' motion for a new trial was overruled.

In Hunt v. Tribune Pub. Co., et al., 172 Okl. 139, 44 P.2d 889, we held:

"The ruling on a demurrer to the evidence is a 'decision occurring on the trial,' and in order to enable the Supreme Court to review such ruling, it is necessary that a motion for a new trial be filed within the time prescribed by law."

In the instant action, it was necessary for the plaintiffs to file a motion for a new trial. Therefore, the time for perfecting the appeal must be computed from the day the motion for new trial was overruled. The petition in error challenging the trial court's order overruling plaintiffs' motion for new trial was filed properly in this Court within the time allowed by statute.

Judgment reversed and remanded with directions to vacate the order denying plaintiffs' motion for a new trial and enter an order sustaining plaintiffs' motion for a new trial.

Judgment reversed with directions.