**FRONTIER AUTORAMA, INC., an Oklahoma Corporation, Appellant,**

v.

**FRONTIER CITY AMUSEMENTS, INC., an Oklahoma Corporation, Appellee.**

No. 49589.

Court of Appeals of Oklahoma, Division 2.

Sept. 27, 1977.

Released for Publication by Order of Court of Appeals Oct. 20, 1977.

O. A. Cargill, Jr., Oklahoma City, for appellant.

Arnold D. Fagin and Warner E. Lovell, Jr., Fagin, Hewett, Mathews & Fagin, Oklahoma City, for appellee.

BRIGHTMIRE, Presiding Judge.

The appeal here is from what appellant characterizes as the second "judgment" handed down in this case—a judgment, it is contended, which the trial court had no jurisdiction to enter. We hold that no judgment at all has yet been rendered and affirm the denial of appellant's request for a new trial.

I

This lawsuit began November 27, 1973 when an amusement park concession lessee, Frontier Autorama, Inc., sued the park owner, Frontier City Amusements, Inc., for relief under four causes of action. In the first three causes Autorama sought mainly to enjoin Frontier City from interfering with its use of the leased premises, from continuing a media advertising campaign— advising members of the public that upon coming to the Oklahoma City, Oklahoma amusement park facility they could either pay a $3 admission charge at the gate and enjoy unlimited amusement ride privileges or else pay 50 cents at the gate and buy individual ride tickets later—and from interfering with Autorama's ride operations. The fourth cause of action complained of Frontier City's failure to account for monies it collected for Autorama rides and asked for a judgment of $391.03 along with attorney's fee.

Frontier City answered January 29, 1974 admitting most of the material facts pleaded by plaintiff, but insisted that the terms of the lease had been breached when one Gerald Waner transferred all his Autorama stock to Fletcher Williams without the written consent of Frontier City. By way of a cross-petition defendant pleaded that because of this breach the lease terminated entitling defendant to possession and a reasonable amount of rent during the period of Autorama's holding over. In its prayer, Frontier City asked for a judgment granting it possession of the premises occupied by Autorama along with all the improvements made by lessee, rental in the sum of $1,082.32, and attorney's fee.

II

Essential to understanding the problem presented is a review of what the record contains in the way of dispositional instruments. To reduce confusion we will refer to them in the order they were filed, which, as will be seen, is not the same as the order of the action they refer to was taken.

*December 5, 1975.* On this date there was filed an order reciting that on December 4, 1975 the judge granted Autorama "an extension of five (5) additional days from the date of the last extension to remove Autorama autos and equipment from the premises of Frontier City . . . ." There is no predicatory motion for this relief in the record but it is agreed that the lease by its own terms expired March 31, 1975 and specified that if the tenant "performed all of the covenants herein required . . . and . . . paid all rent herein required, then Tenant may remove, on or before the termination of this lease, all of its personal property, including all equipment and improvements thereon."

*February 19, 1976.* Autorama filed a motion asking for the vacation of a judgment rendered on February 11, 1976 "finding that the lease between the parties did not permit removal of said items from the property . . . ." There is no referent for determining what "said items" means save what can be deduced from the next instrument filed.

Among the claims of error Autorama moved to correct were these: (a) the court made findings and rendered a "judgment" after having previously decided the case; and (b) the court "was without authority to render a judgment."

*February 20, 1976.* An instrument was filed entitled "Journal Entry of Judgment." Without mentioning any dates the paper states simply that, "This matter comes on for hearing upon the oral application of the defendant for determination by this court as to the right of the plaintiff [Autorama] to remove certain items of property and equipment from the premises of the defendant under the terms of a lease previously

existent between the parties." It further recites that all parties appeared and "stipulated that this court has jurisdiction to determine this oral application" who, after hearing "testimony of both of the parties" and examining other evidence, found that "all of the items which the defendant complains were improperly removed by the plaintiff, to wit: light poles, steel fencing, and wiring were in fact items that were permanently attached to the premises" and should not have been removed. That is the extent of the "judgment"! It is no more than a declaratory finding of fact unaccompanied by a consequential order of any kind. It does incorporate by reference the "specific findings and order . . . attached hereto as 'Exhibit A' . . .." which appears to be a couple of pages out of a transcript, but all it contributes is a quote of the court making a more detailed finding followed by this colloquy:

"Do I understand that the Court does not choose to make any further order at this time?" inquired Frontier City's attorney.

"I don't think I've got anything else before me. I think you all apparently had stipulated that you would appear for that ruling only," responded the judge.

*March 25, 1976.* One of the parties filed a "Journal Entry" reciting that on March 19, 1976 the plaintiff's motion for new trial came on for "consideration" and based upon arguments heard March 12, 1976 the court found and ordered it overruled. We presume this is a ruling on the motion Autorama filed on February 19, 1976 which is described in the February 19 filing mentioned above. It is from this order that this appeal is taken, according to Autorama's petition in error.

*April 5, 1976.* Autorama filed a designation of record in the trial court and its petition in error in the supreme court.

*May 3, 1976.* One of the parties filed an instrument entitled "Journal Entry of Judgment" approved by both parties as to form which, it will be noticed, relates to judicial action made a year earlier. Because it forms the foundation of appellant's sole contention we quote it in full:

"THIS MATTER comes on to be heard this 28th day of May, 1975, before the undersigned District Judge, and the parties being present in person and by their respective counsel, and counsel having announced ready for trial, and the Court, after examining the pleadings and hearing the argument of counsel, and being fully advised in the premises, finds and so orders as follows:

"1. Plaintiff's first three causes of action of its Petition are dismissed with prejudice as moot because the lease between the parties has expired.

"2. Plaintiff's Fourth Cause of Action of its Petition seeking $391.03, and defendant's Cross-Petition seeking $1,082.00 are continued until July 3, 1975, at 2:00 p. m. before this Court.

"3. The parties are ordered to submit an accounting to one another within thirty (30) days from this date setting forth in what manner they arrived at their respective prayers for relief and the parties are further ordered to negotiate in good faith to resolve this matter.

"4. It is further ordered that no attorney fees may be recovered by either party in this cause.

"DATED this 28th day of May, 1975.

"/s/ Homer Smith
"District Judge"

### III

The question Autorama raises is this, "did the trial court have jurisdiction to proceed further in the case after the judgment shown in the Journal Entry of Judgment dated [rendered] May 28, 1975?" Autorama argues he did not because the May 1975 adjudication—which neither party challenged—became a final judgment thereby terminating the trial court's authority to make any further merit related decisions in the case. And under these circumstances, concludes Autorama, the "purported" judgment rendered in February 1976 is void and should be vacated.

## IV

■ Our analysis of the proceedings below leads us to these conclusions. First, the court did not render a judgment on May 28, 1975, nor even issue an appealable order. All he did was enter an interlocutory order dismissing three of Autorama's four causes of action, continue trial on the fourth cause until July 3, "order" the parties to tell each other how "they arrived at their respective prayers for relief and . . . to negotiate in good faith to resolve this matter," and disallowed attorneys' fees.[1]

By statutory definition a judgment "is the final determination of the rights of the parties in an action." 12 O.S. 1971 § 681. And this there was not. The order "dismissing" the first three causes of action was not an appealable one because there was left for trial plaintiff's fourth cause of action. *LaVelle v. Fair Oil Co.*, Okl., 388 P.2d 13 (1963). Moreover defendant's cross-petition remained undetermined. And aside from the court's lack of authority to order the parties to "resolve" the issues outside the courtroom, none of the substantive issues raised in the pleadings were determined and no relief was granted either party.

■ Secondly, the February 11, 1976 "ruling" was not a judgment or appealable order either. It granted relief to no one and thus, like the May 28 activity, did not determine the rights of the parties judgmentally. The distinction between fact finding and reaching legal conclusions on the one hand, and adjudicating rights on the other is explained in *Tillman v. Tillman*, 199 Okl. 130, 184 P.2d 784 (1947); *Moroney v. Tannehill*, 90 Okl. 224, 215 P. 938 (1921).

■ Finally, since the ruling made on May 28, 1975 was neither a judgment nor an appealable order it did not operate to deprive the trial court of authority to proceed toward the eventual rendition of a final judgment in the case and it was therefore not error to deny appellant's motion for a new trial.[2]

Affirmed.

NEPTUNE, J., concurs.

1. The fact that the parties may have reached a settlement of the monetary dispute, as appellant says they did, would obviously have no bearing on the question of whether a judgment of the court was rendered.

2. There are serious questions about the legal effect of Autorama's new trial motion. According to *Porter v. Tayer*, Okl., 385 P.2d 808 (1963) such a motion must be addressed to a "final judgment" and if it attacks only an interlocutory order it does not operate to preserve anything for review. The court added that a prematurely filed motion for new trial "is as much out of time as when it is filed too late."

But compare this to the seemingly inconsistent holding in *Friend v. Holcombe*, 196 Okl. 111, 162 P.2d 1008 (1945) where the court construed the word "decision" as used in 12 O.S. 1941 § 653—requiring that an "application for a new trial must be made . . . within three days [now 10 days] after the verdict or decision was rendered . . . ."—to include a post-trial declaration of "the trial court [on August 3, 1943] that his judgment would be for the plaintiff" so that a motion for new trial filed the next day (on August 4, 1943) was not premature even though judgment was not rendered until September 8, 1943.

The terms used in the new trial statutes 12 O.S.1971 §§ 651 and 653 create problems in that they speak of moving to vacate a "verdict by a jury . . . report of a referee, or a decision by the court" in order that there can be a reexamination of "an issue of fact." One question that arises is whether time for filing a new trial motion begins to run from the date on which a finding of fact is made as the statute specifies, or from a final judgment incorporating the fact decision, as *Porter v. Tayer, supra*, more logically concludes. The court has reached various results through the years and all but one should be expressly discarded.