Marvin D. MANN, Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,

v.

Honorable Ronald N. RICKETTS, Judge of the District Court of Tulsa County, Fourteenth Judicial District, Oklahoma, and, Marvin D. Mann, Respondents.

Nos. 52672, 53770.

Supreme Court of Oklahoma.

Sept. 13, 1983.

Thomas L. Palmer, Tulsa, for appellant State Farm.

John L. Osmond, Whitten, McDaniel, Osmond, Goree & Davies, Tulsa, for appellee.

Patrick E. Carr, Carr & Carr, Tulsa, for respondents.

PER CURIAM:

State Farm Mutual Insurance Company (hereafter defendant or insurer) appeals from a judgment entered for appellee Marvin Mann (the plaintiff below and hereafter designated as plaintiff) in the sum of

$8,822.00 for breach of an insurance contract. In a companion case defendant applies for a writ of prohibition to prevent the trial court from further proceedings on the issue of tortious breach until the appeal is decided. We consolidate these two actions for disposition of the original proceedings.

Before considering the question of our jurisdiction to hear the appeal, we review the pertinent facts. Plaintiff sued State Farm Mutual Insurance Company for recovery under an insurance policy because of the alleged theft of his vehicle. Defendant insurer admitted the existence of a contract of insurance but denied coverage, alleging plaintiff had sold the car, put the buyer in possession, and delivered the keys and bill of sale in return for a personal check (later returned because of insufficient funds). Defendant argued that such a transaction did not constitute a theft under the policy, and in fact, was specifically excluded as a conditional sale or sales agreement. Plaintiff later amended his petition, adding a second "cause of action" against defendant for bad faith refusal to pay.

The trial court granted plaintiff's motion for partial summary judgment as to liability, determining that the loss was a theft under the policy. On its own motion the court went on to try the issue of plaintiff's damages under the contract and entered judgment.

In presenting an appeal from a judgment which resolves fewer than all issues in the case below, defendant insurer requires us to consider whether this judgment is final and therefore ripe for appeal. Further, we must determine whether it is appropriate for our Court to prohibit the trial court from determining the issue of bad faith refusal to compensate its insured until the appeal has been decided on the merits. We stress at the outset that because this case arose before the new civil procedure rules were promulgated, effective January 1982, our decision rests on prior case law and the former Rule 13 of the Rules for the District Courts of Oklahoma, 12 O.S.1971, Ch. 2, app.

The problem of what constitutes a final judgment or order has been a perplexing one both in federal and state courts. See, e.g., *Kasishke v. Baker,* 144 F.2d 384 (10th Cir.1944). Justice Black's complaint about the ambiguity in the federal rules is equally applicable to state rules of civil procedure: "[whether a ruling is final] is frequently so close a question that decision of that issue either way can be supported with equally forceful arguments, and ... it is impossible to devise a formula to resolve all marginal error coming within what might well be called the 'twilight zone' of finality. Because of that difficulty this court has held that the requirement of finality is to be given a 'practical rather than a technical construction.'" *Gillespie v. U.S. Steel Corp.,* 379 U.S. 148, 149, 85 S.Ct. 308, 309, 13 L.Ed.2d 199 (1964).

Because of the judiciary's concern for practicality, many inroads have been made towards changing the rule at common law which allowed no appeal except from a final judgment. At common law a final judgment was defined as one disposing of all of the issues as to all of the parties. *Green, Basic Civil Procedure; Collins v. Miller,* 252 U.S. 364, 40 S.Ct. 347, 64 L.Ed. 616 (1920); *Reams v. Tulsa Cable Television,* Okl., 604 P.2d 373 (1979). The advantage of the common law rule was expressed by Justice Frankfurter in *Cobbledick v. U.S.,* 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940): "To be effective, judicial administration must not be leaden-footed. Its momentum would be arrested by permitting separate reviews of the component elements in a unified cause."

Yet while federal and state rules of civil procedure reflect an awareness of Justice Frankfurter's concern over piecemeal litigation, they also provide for practical exceptions to the harshness of the common law rule. The federal rules, for example, did not relax the final judgment rule but they did achieve a kind of compromise between the Black and Frankfurter views of establishing the individual claim as the unit of litigation for appellate purposes rather than the entire lawsuit. *Fed.R.Civ.P. 54(b); Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956).

In *Reams v. Tulsa Cable Television, Inc., supra,* we discussed the Oklahoma exceptions to the general rule that summary adjudication of less than all issues is beyond the reach of review: (1) interlocutory orders appealable by right [12 O.S.1981, § 952(b), (a) and § 993; Part II(a) and II(c) Rules on Perfecting a Civil Appeal, 12 O.S. 1981, Ch. 15, App. 2]; (2) orders certified for appeal [1] by the trial court in advance of final judgment [12 O.S.1981, § 952(b); Part II(b), Rules on Perfecting a Civil Appeal, 12 O.S.1981, Ch. 15, App. 2].[2] *Reams'* primary concern was whether a partial summary judgment (in *Reams* a determination of the issue of agency in an action over an automobile collision) could be appealed. We determined that such a summary disposition of a *portion* of a cause of action could not properly be appealed.

It should be emphasized at this point that the disposition of but a portion of a single cause of action is not a judgment at all [3] but an interlocutory summary adjudication, a limitation on the issues to be tried [4], subject to alteration or modification by the trial court before final judgment. In using the order the trial court retains full power to make one complete judgment as to all facets of the action. An interlocutory summary adjudication does not constitute an appealable order.[5] Thus, an order or "judgment" that disposes merely of a portion of a cause of action is not appealable unless it falls within one of the statutory exceptions discussed in *Reams.*

Though the term is generally misused, the partial summary judgment does exist. A partial summary judgment is akin to a true judgment, i.e., it disposes of an entire cause of action and is therefore appealable.[6]

In deciding our jurisdiction, then, we must examine whether the judgment appealed from (denominated by the parties and the trial court as a partial summary judgment) is a final judgment as to an entire cause of action, and thus immediately appealable, or simply an order specifying that the issue of breach of the insurance contract was not in controversy, and thus an interlocutory, non-appealable order.

In order to resolve whether the trial court determined an entire cause of action [7] or simply a portion thereof, it is necessary to look to the case where our Court established the existence of an action in tort for breach of an insurance contract. *Christian*

---

1. Our Court has the discretionary power to refuse to hear the appeal.

2. For a discussion of further exceptions to the general rule as to the appealability of final orders and judgments see, Brief Observations on Appealable Orders, 53 OBJ 1015 (April 24, 1982).

3. See James and Hazard, Civil Procedure: "It is more accurate to call it a summary determination rather than a summary judgment, because granting the motion does not terminate the action or result in an order that may be appealed." (p. 222, fn. 8)

4. The purpose of the summary adjudication was to speed up litigation by eliminating matters not in controversy and by confining trial to disputed issues. *Biggins v. Oltmer Iron Works,* 154 F.2d 214 (7th Cir.1946); *Daniels v. Beryllium Corp.,* 211 F.Supp. 452 (E.D.Pa.1962).

5. The most recent version of Rule 13 of the Rules for District Courts of Oklahoma, 12 O.S. 1981, Ch. 2, App., clarifies that an adjudication of this type is interlocutory: "If the court finds that there is no substantial controversy as to certain facts or issues it shall make an order specifying the lack of issues which are not in controversy and direct that the action proceed for a determination of the remaining facts or issues, and *such order is interlocutory and is not reviewable on appeal prior to final judgment."* [E.A.]

6. See Fraser, Judgment Where Facts Not Controverted, 36 OBJ 723, 727 (1965): "Where there are several distinct causes of action and the court determines that one does not involve any substantial questions of fact but that the others must be tried, the time to appeal depends on the action taken by the court. If judgment is immediately rendered on the one cause of action, the unsuccessful party must immediately appeal." Note: This rule does not apply if separate *theories* are stated as causes of action, as is the situation at hand. *LaVelle v. Fair,* Okl., 388 P.2d 13 (1963).

7. For a discussion of the various theories used in determining what constitutes a cause of action, see, Fraser, One Form of Action: Pleading Alternate Facts, Theories and Remedies, 14 Okl.L.Rev. 125 (1961).

*v. American Home Assurance Co.*, Okl., 577 P.2d 899 (1977) [8]. *Christian*, in creating an action in tort for a bad faith refusal to compensate the insured, did not hold that simple breach of an insurance contract and bad faith breach are separate causes of action which may be brought separately. Rather, *Christian* held that under the unique circumstances of the case, i.e., the existence of fraudulent concealment, the defendant was estopped by his own conduct from relying upon a former judgment as a bar to an action for tortious breach. *Christian*, then, while adopting the tort in Oklahoma, also suggested that except in situations where fraud, deception, or wrongful concealment has occurred, the actions must be brought together.

> "It is an elementary rule that a cause of action cannot be split or divided and made the subject of several suits, but that plaintiff must include in one action all the various items of damage he has suffered from defendant's wrong. [citations omitted]
>
> "This rule exists primarily to protect defendant from vexatious litigation. As the rule is for the defendant's protection, he may waive its benefits, either expressly or impliedly. *Empire Oil & Refining Co. v. Chapman*, 182 Okl. 639, 79 P.2d 608 (1938). *Aetna Cas. & Surety Co. v. Associates Transports, Inc.*, Okl., 512 P.2d 137 (1973)." p. 905.

*Christian* contemplated that as a general rule the action in tort and the actions in contract would be brought together, arising as they do from the same transaction. Oklahoma has adopted the general rule that a cause of action includes all theories of recovery or types of damages stemming from one occurrence or transaction (in the instant case the refusal of defendant insurer to pay plaintiff). *Retherford v.*

*Halliburton Company*, Okl., 572 P.2d 966 (1977).

We subscribe to the general rule that an appeal will not lie from the trial court's determination of breach of an insurance contract when the rest of the cause of action has not yet been tried. Despite our belief that adherence to this rule will result in guarding against piecemeal litigation, under the circumstances of this case the general rule is not applicable. In the instant case, the trial court did not simply determine the issue of liability, it went on to determine damages (aspects of which were controverted) and *to enter judgment:*

> "IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that plaintiff have judgement in his favor and against State Farm Automobile Insurance Company, in the sum of EIGHT THOUSAND EIGHT HUNDRED TWENTY–TWO DOLLARS ($8,822.00), together with interest and costs."

We believe our decision to allow this appeal is consistent with our holding in *Reams, supra.* In *Reams* we noted that "An appeal may in some cases be from an interlocutory summary adjudication if it can be treated as final." [9] The exception *Reams* contemplated is before us here. The trial judge treated the "partial summary judgment" as final, even though in its motion plaintiff asked for decision only as to liability and asked for damages to be submitted to jury; execution could have been levied on the judgment. The trial court's action, then, must be distinguished from the situation where mere liability is determined [10] or where the trial court dismisses fewer than all causes of action. [11]

---

8. Also see *Stone v. Beneficial Standard Life Ins. Co.*, 273 Or. 594, 542 P.2d 892 (1975).

9. 604 F.2d at 376, fn. 16. See *Wynn v. Reconstruction Finance Corp.*, 212 F.2d 953, 956 (9th Cir.1954).

10. See *Maybury v. City of Seattle*, 53 Wash.2d 716, 336 P.2d 878 (1959); *Tridyn Industries v.*

*American Mut. Ins. Co.*, 296 N.C. 486, 251 S.E.2d 443 (1979).

11. See *Frontier Autorama, Inc. v. Frontier City Amusements*, Okl.App., 570 P.2d 634 (1977) where the order was not appealable because it neither granted relief nor determined the rights of the parties.

The crucial consideration in determining whether a technically interlocutory adjudication qualifies as an exception to the general rule is not its form or its name, but its effect. In *Kasishke v. Baker,* supra, the Tenth Circuit discussed this exception:

> "It is certain that an order is final and appealable if it is of a character which settles substantial rights; which makes no reservation as to its effect; which is designed to be operative in a way affecting such rights at once and before or irrespective of the final decree in the main litigation."

State courts have recognized this exception: *Smith v. Hanover Ins. Co.,* La.App., 363 So.2d 719 (1978); *Jefferson v. Spenard Builder's Supply, Inc.,* Alaska, 366 P.2d 714 (1961).

Because the trial judge entered a final judgment as to liability and damages under the contract, we assume jurisdiction and Issue a writ of prohibition directing the trial court to refrain from further proceedings in Case No. 53,770 until this Court has determined the merits of the appeal. We direct the parties to brief the issues in the petition in error in Case No. 52,672.

BARNES, C.J., SIMMS, V.C.J., and HODGES, LAVENDER, DOOLIN, and HARGRAVE, JJ., concur.

IRWIN, OPALA and WILSON, JJ., dissent.

OPALA, Justice, dissenting:

The court holds that: (1) in an action to recover for the insurer's bad faith refusal to pay a claim an appealable disposition is effected once the insurer's liability for the loss in suit has been decided and its amount ascertained by application of ex contractu standards, even though the wrongful character of the insurer's breach and damages from it, if any, were issues expressly left pending for determination at a later time; and (2) the trial court cannot try the remaining issues in the case until the insurer's appeal on the liability-for-loss question has been decided. Because I regard the court's holding as a substantial and unwise departure from precedent, I must recede from today's aberrational pronouncement.

One who brings an action to recover for an insured loss has but a single cause of action, if the loss, whatever its *nature* or *extent,* stems from one occurrence or episode. Although numerous items of damage may be claimed from one loss, a single fire, flood or theft will give rise to but one cause of action. This much is axiomatic in our law.[1] The principle, as I view it, remains unchanged by the introduction of a new theory which now allows recovery for the insurer's bad faith refusal to pay a claim.[2]

One who seeks to recover for a single insured loss may now allege his one cause of action under at least two alternative theories of liability[3]—one based on a breach of policy obligation and the other on a bad faith breach of duty to pay a claim. Each of these separate theories will, of course, support a different category of damages. But these separate theories cannot be treated as *distinct* causes of action.[4]

1. *Retherford v. Halliburton Co.,* Okl., 572 P.2d 966, 969 [1978]; *Aetna Casualty & S. Co. v. Associates Transports Inc.,* Okl., 512 P.2d 137, 142 [1973]; *Stone v. Case,* 34 Okl. 5, 124 P. 960 [1912].

2. *Christian v. American Home Assurance Company,* Okl., 577 P.2d 899, 905 [1978].

3. See *Underside v. Lathrop,* Okl., 645 P.2d 514 [1982].

4. The terms of 12 O.S.1981 § 264.1 provide in pertinent part:

> "A party may rely on two or more legal theories for relief ... *in the alternative* regardless of consistency ... and he shall not be required to elect the theory on which he will rely. Where a party relies on two or more theories ... he may state the facts which support his theories in one count ... or in separate counts ..." [Emphasis added].

For an explanation of the distinction between pleading separate causes of action and stating alternative theories of recovery in support of a single claim having its foundation in one occurrence or transaction see Fraser, One Form of Action: Pleading Alternative Facts, Theories and Remedies, 14 Okla.L.Rev. 125 [1961].

The plaintiff in this case sued for a single loss by theft. He had but one cause of action which should be treated as having been plead under two different theories of recovery. The trial court decided only the issues tendered by one of two alternative theories. The other theory remains unexplored and undetermined.

When the court disposes of but a portion of the issues raised by a petition which declares one's claim upon a single cause of action, there can be *no* judgment in the case. A judgment must resolve all the issues in the action and leave nothing further to be done except to carry it into execution.[5] A decision made in advance of a judgment may not be appealed unless it falls within a class of interlocutory orders declared by the legislature to be appealable by right [6] or unless it is certified by the trial court for immediate review because it "affects a substantial part of the merits of the controversy".[7] A different rule applies when the trial court's action determines all of the parties' rights in one or more but not all of several causes of action separately stated. From that class of decisions an appeal may be brought at once and the aggrieved litigant need not wait until final disposition is effected of all the causes of action in litigation.[8]

The decision before us is neither a judgment nor a final order.[9] It does not fall within that class of interlocutory orders which are appealable by right. Nor has it been certified to us for an early review that would, in the opinion of the trial judge, "advance the ultimate termination of the litigation".

This appeal, brought here from a partial adjudication of the alternative theories tendered below, is premature.[10] I would dismiss it and deny the insurer's plea for a writ of prohibition. This would set the trial court free to terminate the litigation by deciding the unresolved issues under the alternative theory of a bad faith breach of insurer's duty to pay.

I am authorized to state that IRWIN and WILSON, JJ., concur in these views.

---

**5.** 12 O.S.1971 § 681; *Hurley v. Hurley,* 191 Okl. 194, 127 P.2d 147 [1942]; *Foreman v. Riley,* 88 Okl. 75, 211 P. 495 [1923]; *Loy v. McDowell,* 85 Okl. 286, 205 P. 1089 [1922]; *Wells v. Shriver,* 81 Okl. 108, 197 P. 460 [1921].

**6.** 12 O.S.1971 §§ 952(b)2 and 993; Part II(a) and Part II(c), Rules on Perfecting a Civil Appeal, 12 O.S.1971 Ch. 15, App. 2.

**7.** 12 O.S.1971 § 952(b); Part II(b), Rules on Perfecting a Civil Appeal, 12 O.S.1971 Ch. 15, App. 2.

**8.** *Oklahomans for Life, Inc. v. State Fair of Oklahoma,* Okl., 634 P.2d 704, 706 [1981]; *Cox v. Butts,* 48 Okl. 147, 149 P. 1090 [1915]; but see cautionary note in Fraser, Judgment Where Facts Not Controverted, 36 OBJ 723, 730, footnote 67 [1965].

**9.** Final order is defined in 12 O.S.1971 § 953.

**10.** A partial adjudication does not trigger an appealable event. *Reams v. Tulsa Cable Tele., Inc.,* Okl., 604 P.2d 373 [1979].